## GAMBLE v. CLARK.

92 695
106 796

1. According to the scheme of the code, §§4655(a)–4655(e), claims for insolvent costs in favor of a county solicitor left unpaid when he retires from office, the same being evidenced by orders approved by the county judge and entered on the minutes of the county court, are payable out of fines and forfeitures which have theretofore or may thereafter come into the county treasury from the county court. The county treasurer is authorized and required to pay such orders when he has funds subject to them, without any further or other order from the judge of the same or any other court; and neither the county court nor the judge thereof has any jurisdiction to pass any further order on the subject, nor can such jurisdiction be conferred by consent of the ex-county-solicitor and adverse claimants upon the fund.

2. The sections of the code above referred to are not the less applicable because the particular county court in which the costs accrued, and by which the orders for their payment were granted, was abolished before any funds subject to the orders came into the county treasury, and because the funds against which the claims are now asserted were derived from fines and forfeitures which accrued in the county court of the same county at present existing. Before it was abolished, the former was the "county court," and the one which succeeded it and in which the fund was raised is now the "county court." When the latter was created, the existing body of statutes applicable to county courts became applicable to it as such; amongst which statutes were the sections of the code above cited, touching the payment of insolvent costs. Within the meaning of these sections, any county court which succeeds a previous county court for the same county is virtually the same court, being subject to the same laws and having like jurisdiction and powers.

3. The fact that the ex-county-solicitor and other contestants had upon an agreed state of facts submitted their claims to the adjudication of the county court on a motion to distribute the fund, and that from the judgment of that court a writ of *certiorari* had been sued out which was still pending in the superior court, presented no bar to the petitioner's application for *mandamus*. The latter was the proper remedy under the facts stated, as the former proceedings, for want of jurisdiction, could result in no valid or legal judgment.

4. The orders in favor of the ex-county-solicitor for the payment of his insolvent costs had not become stale by the lapse of time, the more especially as it appeared that the fund in dispute was the first fund legally subject to the payment of the same, which had arisen since the orders were granted.

November 20, 1893.

Petition for *mandamus*. Before Judge FALLIGANT. Jefferson county. August 14, 1893.

J. H. POLHILL and HINES, SHUBRICK & FELDER, for plaintiff. PHILLIPS & PHILLIPS, for defendant.

SIMMONS, Justice.

1. It appears from the record that the plaintiff in error was the solicitor or prosecuting officer of the county court of Jefferson county for the year 1880, and that he presented to the judge thereof an itemized bill for insolvent costs which had accrued to him for that year,

and obtained from the judge an order upon the county treasurer for payment out of any fines or forfeitures that might come into the treasurer's hands arising from prosecutions in that court; and this order was entered on the minutes of the court. In 1889 the legislature passed an act abolishing the county court of Jefferson county, but in 1892 repealed that act (Acts 1892, p. 225), and the court was reorganized the same year. After its reorganization, an amount of money arising from fines and forfeitures in that court was paid to the county treasurer. Under section 4655(c), of the code, when a bill for insolvent costs is presented to the judge of the county court by an officer of the court, and the judge orders it paid, and this order is entered upon the minutes of the court, it becomes a final judgment, and the county treasurer is authorized and required to pay the order when he has funds subject to it, and no further order from the judge is required. If subsequently to such an order a dispute should arise between the holder of the order and the county treasurer as to whether the order is binding upon the treasurer, and they should agree to refer the matter to the county judge for his decision, this would not confer jurisdiction upon that court or the judge thereof to change or modify the order, nor would any order or judgment he might pass upon the subject referred to him be legal and binding upon either of the parties. When the judge of the county court approves the bill of costs and passes an order directing the treasurer to pay it, his jurisdiction of the subject-matter is at an end. The order is a final judgment so far as he is concerned. No provision of law exists for referring such a question to the county judge as a mere arbitrator. In paying out public funds the county treasurer must conform to the law as it is, not merely as it may be supposed to be by a chosen referee.

2. The fact that the legislature abolished the court

and afterwards re-established it by repealing the act which had abrogated it, did not affect the force and validity of the order granted the plaintiff in error for his insolvent costs. The law that would have governed the distribution of this money in case the court had not been abolished, governed its distribution when the court was re-established and a fund had arisen from fines and forfeitures therein. It was a county court in 1893 when the funds out of which the plaintiff in error seeks to collect his claim arose therein and were paid into the county treasury, and the laws applicable to county courts applied to it then just as they did in 1880, when this order was granted. When the court was abolished, sections 4655(a)–(e) were in force, and when it was re-established, they were still in force and applicable to any county court in the State, except in cases where the distribution of the fund was regulated by local laws. (§4655(g).) Within the meaning of the sections above cited, any county court which succeeds a former county court of the same county is virtually the same court, and is subject to the same laws and has the same jurisdiction and powers.

3. Although the plaintiff in error and other contestants for the fund may have agreed upon a statement of facts and submitted the matter in dispute to the county judge for his decision, and although that decision may have been taken by *certiorari* to the superior court, this, in our opinion, did not deprive the plaintiff in error of his right to sue out a *mandamus* against the county treasurer to compel him to pay the money on the order in question. As before remarked, the county judge had no jurisdiction to change or modify the order passed by his predecessor in 1880; and when that order was passed and placed on the minutes, it became a charge upon any funds arising in the county court from fines and forfeitures which might thereafter be paid into the county

treasury; the statute makes it the duty of the treasurer to pay such order, and if he fails to do so, *mandamus* is the proper remedy.

4. It appears from the evidence that there had been no funds in the treasurer's hands subject to order in favor of the plaintiff in error from the time he obtained it until this particular fund now in controversy was placed in the treasury. The order therefore did not become stale by the lapse of time. *Judgment reversed.*