### BALL, treasurer, *v.* WRIGHT.

1. There is no merit in the motion made to dismiss the writ of error.
2. The plaintiff in error was properly attached as for contempt by the judgment of the superior court, as the questions made by the bill of exceptions in this case were conclusively settled against him in a former ruling making the mandamus absolute.

Submitted May 1,—Decided June 10, 1902.

Attachment for contempt.　Before Judge Reagan.　Butts superior court.　February 26, 1902.

*J. F. Carmichael* and *M. W. Beck*, for plaintiff in error.
*J. R. L. Smith* and *B. P. Bailey*, contra.

LITTLE, J.　It appears that in June, 1901, Young A. Wright presented a petition to the judge of the superior court of Butts county,

in which he alleged that L. J. Ball was treasurer of Butts county; that in 1893 and prior thereto the petitioner was the duly commissioned solicitor of the county court of that county, and on the 12th day of December of that year there was due him from fines and forfeitures, as insolvent costs on orders duly approved, the sum of $519.08, which orders were liens upon the fund arising from fines and forfeitures that might thereafter come into the hands of the county treasurer from such source in said court; that the county court referred to was abolished on the 15th day of December, 1893, by an act of the General Assembly, at which time there were no funds in the hands of the county treasurer subject to the payment of his said orders; that on the 4th day of December, 1900, by an act of the General Assembly this court was re-established, and since its re-establishment, to wit, on the 27th day of May, 1901, there were in the hands of the treasurer funds subject to the payment of his said orders, and these orders were a lien thereon; that on said last-named date he presented his said orders to the treasurer for payment, which was refused. Whereupon petitioner prayed for a writ of mandamus, directed to Ball as county treasurer, to compel him to pay said orders. On this petition a rule nisi was issued and served. The treasurer answered, admitting in his hands certain funds arising from fines and forfeitures in the re-established court, but denying that the funds so arising were subject to the payment of the orders of petitioner. Other parts of the answer are not material here. The rule nisi was made returnable June 25, 1901, and on that date, after due inquiry into the case, the judge of the superior court passed an order that, "upon the proofs and evidence submitted and after considering said cause, it is ordered that said mandamus be and the same is hereby made absolute, and in obedience to this order L. J. Ball, the treasurer of Butts county, is hereby directed to pay over immediately, from the fines and forfeitures in his hands arising from the county court of Butts county, to Y. A. Wright the sum of two hundred and thirty-one and 80/100 dollars, the same being the amount admitted by said L. J. Ball to be in his hands at the time of making his answer; and that from any other fines and forfeitures which may come into his hands from said source he will pay the same on said order of.Y. A. Wright until same is fully paid off." Subsequently, in December, 1901, Wright presented to the same judge another pe-

tition in which he set out the fact of his filing the first petition, the answer of the defendant, and the order of the judge. He then recited that the treasurer in obedience to the mandamus absolute paid him $231.80, leaving a balance of $267.28 due him on his orders; that since the date of the judgment rendering the mandamus absolute the treasurer had received, from fines and forfeitures from the county court, a sum largely in excess of the balance due to petitioner, but said treasurer had failed and refused to obey the mandamus absolute and pay over to him on his said orders the funds in his hands so arising; and he prayed a rule nisi calling on the treasurer to show cause why he should not be punished for contempt in so refusing. The rule nisi was duly issued on this petition, and the county treasurer made answer that he had received as treasurer the amount of $1,337.35 from the judge and solicitor of said court. He denied, however, that such money came into his hands as fines and forfeitures, but asserted that while the money had been paid as fines and forfeitures into the hands of the proper officers of the court, it had been distributed among the officers of that court as costs, "and the part going as costs to the judge of said court, to wit $475, as well as the part ordered paid to the solicitor of said court, to wit the sum of $913.35, was then paid over to respondent upon his giving the following receipts therefor to said judge and solicitor respectfully: 'Recd. of Frank Z. Curry, judge of co. court of Butts county, three hundred and fifty dollars, being a portion of the foregoing bill and funds coming into said Curry's hands as his costs in said cases, and now received by me as co. treas'r, to be covered into the treasury of said county, in accordance with the term and effect and for the purposes set forth in and intended by section five of the act of 1900, creating said county court. This Aug. 20, 1901.'" A second receipt to the judge, for $74, and two receipts to the solicitor, aggregating, $913.35, in the same terms, were set out. Certain exhibits were attached to his answer, not material to the question now under consideration. On the hearing of the motion for attachment, and the evidence submitted therewith, the court ruled and adjudged that the sheriff of the county should seize the body of the defendant Ball, and safely confine him in the common jail until he should have purged himself of the contempt adjudged against him, by paying to the plaintiff the sum of $287 in satisfaction and discharge of the

mandamus absolute.   To this judgment and order respondent Ball excepted, and assigned this ruling as error, as being contrary to law and without evidence to support it; alleging that the court erred in holding that the money shown to have gone into respondent's hands was subject to the plaintiff's demands.

1. A motion to dismiss the writ of error in this case was made, upon its call in this court, upon the ground that the parties to the case in the court below had agreed that the trial judge should hear and determine all issues of law and fact without a jury, and no right of exception was reserved by either party; and that no writ of error would lie from the action of the trial judge.   There is no merit in this motion, as it has been distinctly ruled that a writ of error will lie under such circumstances.   *Morrison* v. *Ponder*, 45 *Ga.* 167; *Gleason* v. *Traynham*, 111 *Ga.* 887.

2. We think no error was committed by the trial judge in attaching the plaintiff in error for contempt.   Section 5 of the act to establish the county court, etc., approved December 4, 1900, provides that all moneys coming into said court from costs in criminal cases and proceedings arising from fines and forfeitures, except fees of the sheriff and bailiffs of said court, shall be immediately paid over to the county treasurer, and covered into the county treasury.   In passing on the application for mandamus the judge necessarily had under consideration a construction of this act, for the reason that the answer of the treasurer set out the facts of the abolition of the court, and its re-establishment by this act of 1900. This section does not change the character of the fund thus to be paid to the treasurer.   On the contrary, it designates the fund to be thus paid over as that arising from fines and forfeitures; and with this act before him the trial judge by mandamus directed the treasurer to pay to the petitioner, not only the fund in his hands at that time, but also such as might thereafter come into his hands from this fine and forfeiture fund, in sufficient amount to extinguish the orders held by the petitioner, which fund, after the judgment in mandamus, could only have arisen in the county court as established by the act of 1900.   That judgment of the court was unexcepted to, and was in full force and effect when the petition to attach the treasurer for contempt was filed.   Hence it was his duty to pay that balance from the fines and forfeitures in his hands. None of the evidence, nor the receipts given to the county treas-

urer by the officers of the court, can have the effect of changing the character of the money paid to the treasurer. That money arose from fines and forfeitures in the county court, and the money in his hands from that source he had been expressly directed to pay over to Wright. He was therefore in open contempt of the order, and should have been, as he was, attached. There is nothing in section 5 of the act of 1900 which relieves the fund arising from the fines and forfeitures in that court from the payment of insolvent costs. The covering of it into the treasury would not defeat the provision of the law which made it so subject. In any event there was a subsisting judgment of the court, that when this money was received by the county treasurer he should pay the balance due petitioner on his order, and for a disobedience of that mandate the treasurer was properly attached.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*