## JOHNSON *et al. v.* LASTINGER *et al.*

Under the law relating to the city court of Valdosta, the treasurer of the County of Lowndes is entitled to receive and disburse money collected after January 1, 1918, by the clerk of that court, from fines previously imposed therein; and the remedy, if any, of former officers of the court claiming such money is against the treasurer after he has received it. A petition for rule against the clerk, the treasurer, and the county, praying that the clerk be required to pay to the plaintiffs (the solicitor and the sheriff of the court) the amounts of their respective insolvent-cost bills approved by the judge of the court, was subject to demurrer.

No. 890.     JANUARY 15, 1919.

Petition for rule. Before Judge Cranford. City court of Valdosta. March 7, 1918.

*Greene F. Johnson* and *James M. Johnson,* for plaintiffs.

*E. K. Wilcox,* for defendants.

HILL, J. The city court of Valdosta was created by an act of the legislature in 1901. Acts 1901, pp. 176-178. Section 44 of the act provides as follows: "Be it further enacted, that on the second Monday of each quarter, or any day previous to said second Monday he may see proper to do so, the judge of said court shall

distribute the money received from the proceeds of the labor of convicts convicted in said court, and the fines and forfeitures arising from cases tried in said court. Said money shall be distributed as follows: All bills for insolvent cost due the solicitor of said court, the sheriff, the county, and the clerk, shall be approved by the judge of said court and entered on the minutes thereof, and shall be a lien upon all the fines and forfeitures raised in said city court and money derived from convicts as aforesaid, superior to all other claims for insolvent cost; and when the judge distributes such fines and forfeitures, he shall pay the same to the solicitor of said court, the sheriff, the county, and the clerk pro rata on their bills for insolvent costs, for fees in cases in said city court; and when said bill of insolvent costs of the solicitor of said court, sheriff, the county, and clerk are fully paid, the judge shall order the surplus paid to the person who by law acts as the treasurer of Lowndes County, which surplus shall be by him placed to the credit of the fine and forfeiture fund of said county and distributed as now provided by law." In 1917 the legislature amended the act of 1901, by abolishing fees for criminal business in the city court and providing salaries instead. Acts 1917, p. 275. Section 5 provided that the act should not go into effect until January 1, 1918. Section 3 of the act of 1917 is as follows: "Be it further enacted by the authority aforesaid, that all cost, fines, and forfeitures arising through cases in the criminal side of the city court of Valdosta shall be collected by the clerk of said court and shall be paid into the treasury of Lowndes County and to the treasurer of said county, save and except such costs, fines, and forfeitures or parts thereof which are legally due and payable to other officers; and any and all fees, emoluments, perquisites of office and insolvent cost which under any laws heretofore or now existing, or which may hereafter be enacted, shall become due and payable to said officers or shall appertain to said offices, shall become the property of said County of Lowndes, and the said County of Lowndes shall be subrogated to and shall stand in the place and stead of said officers as regards any and all such fees, emoluments, or perquisites of office derived from the criminal business of the said court. Provided, that nothing in this act shall be construed to affect the fees now allowed by law to solicitor of said court for services in the Supreme Court and Court of Appeals, and

said last-named fees shall be the property of the solicitor as heretofore." At the time the last-named act went into effect the plaintiffs in this case, Johnson as solicitor and Gornto as sheriff, held insolvent cost bills for costs, which were approved by the judge of the city court. After January 1, 1918, the defendant Lastinger, as clerk of the court, collected certain fines which he declared his purpose of turning into the treasury of Lowndes County on authority of the act of 1917, supra, instead of to the plaintiffs and those entitled thereto as formerly. The. plaintiffs brought a petition praying for a rule against the clerk, treasurer, and the County of Lowndes, with a prayer to require the clerk to pay over to the plaintiffs the amounts of their respective insolvent-cost bills which had been approved by the judge of the city court. The defendants filed demurrers to the petition, which upon consideration the court sustained, and dismissed the case. The plaintiffs excepted.

Irrespective of the constitutional question raised in this proceeding, the treasurer of the county is entitled to receive and disburse the money arising from fines and forfeitures; and the remedy, if any, of the former officers of the court is against the treasurer after he has received the fund. Acts 1901, p. 176; Acts 1917, p. 275; *Gamble* v. *Clark,* 92 *Ga.* 695 (19 S. E. 54) ; *Bartlett* v. *Brunson,* 115 *Ga.* 459 (41 S. E. 601) ; *Ball* v. *Wright,* 115 *Ga.* 729 (42 S. E. 32). *Judgment affirmed. All the Justices concur.*