## 12514. DADE COUNTY v. LYEMANCE et al.

1. "Money arising from fines, or collected on forfeited recognizances in the superior courts, or for a violation of the penal laws, shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court and those of justices and constables pro rata, and then to the orders of former officers in proportion to their claims."

2. In the distribution of funds arising from fines and forfeitures in criminal cases, the approved cost bills of the immediate predecessor in office of an incumbent are not entitled to priority over those of former officers, unless such immediate predecessor is the officer bringing the funds into court.

3. After the costs of the officers who bring funds into court have been paid, the surplus does not belong to the county to the exclusion of former officers who have itemized bills of costs approved by the court, even though such officers may not be the immediate predecessors of the incumbents.

4. Where a clerk of the superior court has issued subpœnas for witnesses to appear before the grand jury, and has properly presented his account therefor, and the account has been allowed by the judge, as provided in section 1113 of the Penal Code of 1910, this insolvent cost will be paid out of the fines and forfeitures fund as other insolvent costs are paid, and as is provided by section 1114 of the Penal Code of 1910.

DECIDED OCTOBER 6, 1921:

Petition to distribute money; from Dade superior court — Judge Tarver. April 2, 1921.

After paying all insolvent costs due officers of court for the year 1920, there was left a balance of $1,406.60 in the fines and forfeitures fund of Dade county. A petition was brought for the distribution of this sum, the parties interested therein being L. S. Lyemance, clerk of the superior court; W. H. Cross, former sheriff; W. N. Tatum, former sheriff; S. J. Hale, former clerk; Lonnie Smith, executor of estate of Martin G. Smith, deceased, former clerk. The case was submitted to the trial judge upon the following agreed statement of facts: "It is admitted that L. S. Lyemance, clerk of the superior court of Dade county, has in his hands the sum of $1,406.60, belonging to the fine and forfeiture fund of said county, having accrued in the year 1920. It is further admitted that the minutes of the court show that Joe M. Lang, solicitor-general, for the use of Dade county, has still unpaid as insolvent costs, for the term 1917 to 1920 inclusive, the sum of $122.43; that L. S. Lyemance, clerk, for the same term, has due him the sum of $102.70, and that W. H. Cross, sheriff, for same term, has due him $111.09. It is further admitted that

L. S. Lyemance has issued subpœnas for witness to come before the grand jury during the term 1917-20 to the number of 513, and that there are four no bills returned by the grand jury for which said Lyemance now claims judgment. It is further admitted that L. S. Lyemance, as for former clerk, has due him for the term 1915-1916 inclusive, the sum of $29.55 for grand-jury subpœnas which has not been included in any judgment for insolvent costs, for which sum he is now claiming a judgment. It is further admitted that L. S. Lyemance, former clerk, has due him, according to the minutes of the court, as insolvent costs for the term 1915-1916, the sum of $215.16, for which judgment has been taken. That W. N. Tatum, former sheriff, has due him for the term 1915-1916, according to the minutes of the court, as insolvent costs, the sum of $302.04, for which judgment has been taken. That Joe M. Lang, former solicitor-general (now for the use of Dade county), has due him for the term 1915-1916, as shown by the minutes of the court, as insolvent costs, the sum of $836.85, for which judgment has been taken. That Lonnie Smith, as executor of M. G. Smith, deceased former clerk of superior court, has due him for insolvent costs for term 1913-1914, as shown by the minutes of the court, $142.95, for which judgment has been taken. That W. N. Tatum, former sheriff, has due him for the term 1913-1914, as insolvent costs, as shown by the minutes of the court, the sum of $24.37, for which judgment has been taken. That the former solicitor-general, for the use of Dade county, for the term 1913-1914, has due as insolvent costs as shown by the minutes of the court, the sum of $268.50, for which judgment has been taken. That S. J. Hale, former clerk, has due him for the terms covering 1903 to 1913 inclusive, for which judgment has been taken in 1912, as shown by the minutes of the court, as insolvent costs, the sum of $724.89. That W. N. Tatum, former sheriff, has due him for term 1911-12 as insolvent costs, for which judgment has been taken, as shown by the minutes of the court, the sum of $215.08. That the solicitor-general for the use of Dade county has due him for terms covering 1903 to 1912 inclusive, for which judgment has been taken in 1912, as shown by the minutes of the court, as insolvent costs, the sum of $720.18. It is agreed that there has been no lack of diligence of either or any of the above claimants; and that nothing has

been left undone towards the collection of said judgments, or keeping them alive, that could have been done. It is further agreed by all parties that all technical pleadings are waived, and that the court shall pass upon the legal priorities of above claims and award the funds to the claimants legally entitled to the same, irrespective to any technicalities or lack of proper pleadings."

The judgment of the court decreed that the fund in question be disbursed and paid among the claimants as follows: "L. S. Lyemance, clerk, W. H. Cross, sheriff, and Joe M. Lang, solicitor-general, for the use of Dade county, in full for all costs accruing during the term 1917 to 1920 inclusive, as set out in the agreed statement of facts, including the amount claimed by L. S. Lyemance, clerk, for grand-jury subpœnas issued during that period, which amount is declared a charge against the fine and forfeiture fund and payable therefrom, and judgment for which is hereby given as prayed. . . The balance of said fund be divided between the former officers, the claimants herein, in proportion to the amounts of their claims (allowing to the said L. S. Lyemance, former clerk, the amount due for grand-jury subpœnas during the term 1915-1916, as a charge against the fine and forfeiture fund, to be added to his other insolvent costs and share pro rata) so that the balance of said fund shall be disbursed as follows . . "

This judgment was excepted to on the ground that it was contrary to law.

*Joseph M. Lang, solicitor-general,* for plaintiff in error.

*McClure, Hale & McClure,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) 1. The first contention of the plaintiff in error is that the judgment of the lower court is contrary to law because "no former clerk or sheriff, not the immediate predecessor of present incumbents, is entitled to share in the distribution of said fund at all." This contention is without any semblance of merit, as section 1114 of the Penal Code of 1910 completely refutes it. That section is as follows: "Money arising from fines, or collected on forfeited recognizances in the superior courts, or for a violation of the penal laws, shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court and those of justices and constables pro rata, *and then to the orders of former officers in proportion to their claims*" (italics ours).

2. The next contention of the plaintiff in error is that the judgment is contrary to law because " no former clerk or sheriff, not the immediate predecessor of present incumbents, is entitled to share in the distribution of said fund until the amount due each of immediate predecessors of present incumbents is paid in full." This contention is also without substantial merit. The law does not entitle the immediate predecessors of present incumbents to priority over former officers, unless such predecessor assisted in bringing the fund into court. In the case of *Freeman* v. *Hardeman, 67 Ga.* 559, 560, in which a clerk of the court who was his own predecessor in office claimed a priority in the fund in question over an older order of a former solicitor-general, the court, speaking through Justice Crawford, said: " The claim of the clerk for his insolvent costs for previous years, not within his present term of office, was likewise rejected, and preference given to the administratrix of Montfort upon his oldest order. To determine whether that ruling was error, it is only necessary to inquire whether a former clerk of the court could be considered as one of those officers bringing the money into court. That it happened in this case that the individual person was the former clerk, does not change the rule of law specifying what officers shall be entitled; its reference is to the officer, not the man."

3. The next contention of the plaintiff in error is that the judgment is contrary to law because " when officers bringing the fund into court are fully paid (the present incumbents) the balance of the money belongs to Dade county, and no former officer, except the immediate predecessor of present incumbents, is entitled to the same or any part thereof as against Dade county." This contention is untenable, in view of the statute law of this State. Section 1114 of the Penal Code of 1910 specifically provides that money arising from fines and forfeitures shall be first applied to the extinguishment of insolvent costs of the officers bringing it into court, and " then to the orders of former officers in proportion to their claims." Section 1116 provides that " The officers of the several courts, including the prosecuting officers, shall pay into the county treasury of the county where said court is held all moneys arising from fines and forfeitures by them collected, and, on failure to do so, shall be subject to rule and attachment, as in case of defaulting sheriffs. But no such officer

shall be required to pay into the treasury, as aforesaid, any such moneys, until all· the legal claims, and the costs due the justices and constables in the particular case by which the funds for distribution were brought into court, shall have been allowed and paid." Section 1118 provides that "The moneys, so paid in, shall be kept separate and distinct from the county funds arising from other sources, and distinct and separate accounts of said funds shall also be kept as to what court the same was received from, by the county treasurer, and the same shall be paid only for insolvent costs, and in cases where defendants have been acquitted in the manner hereinafter directed." And section 1119 provides that "Any officer having a claim against said fund for insolvent costs, or in cases where defendant has been acquitted, if the same accrued in the superior court (or a magistrate's court prior to indictment), shall present to the judge of the superior court an itemized bill of costs claimed; and if the same shall be approved by him, he shall order the same entered on the minutes of the court, and the same shall be a warrant on the county treasurer, to be paid by him out of any fines and forfeitures in the treasury received from the superior court." It is clear even from a casual reading of the above sections that after the costs of the officers bringing funds into court have been paid out of money arising from fines and forfeitures, the surplus does not belong entirely to the county to the exclusion of former officers who have itemized bills of costs approved by the judge, although such officers may not be the immediate predecessors of present incumbents. See *Bartlett* v. *Brunson*, 115 *Ga.* 458 (41 S. E. 601), in which it was held: "The law directing how the solicitor-general shall distribute the moneys he collects and where the surplus shall be paid, it follows that where the solicitor-general has a surplus in his hands he cannot be ruled by a former solicitor, not his immediate predecessor, and required to pay the surplus to the latter. *Such surplus must be paid to the county treasurer, and the remedy of the former solicitor, if he has orders on the insolvent fund, is to collect his claims out of the county treasurer when the latter has funds available for this purpose*" (italics ours). See also, in this connection, *Johnson* v. *Lastinger*, 148 *Ga.* 656 (98 S. E. 78).

4. The next contention of the plaintiff in error is that the judgment is contrary to law because the "issuing of subpœnas for

witnesses before the grand jury by the clerk is not a proper charge against the fine and forfeiture fund." This contention is likewise without merit. Section 1133 of the Penal Code of 1910, in setting forth in the fee bill the fees or costs to be paid the clerk for specified services, and fixing the amount to be paid for such service, provides that " the clerks of the superior courts shall be entitled to charge and collect the following fees for official duties performed by them, to wit: . . . For subpœnas, each 15 cents." Obviously, the language of this section is broad enough to include *all* subpœnas issued by the clerk, and it is therefore immaterial whether they be grand-jury or petit-jury subpœnas. In the case of *Clark* v. *Clark*, 137 *Ga.* 189 (2) (73 S. E. 15), it was held that " insolvent criminal costs are costs in criminal cases which the statute provides shall be due sheriffs as fees for services rendered in criminal cases and which are expressly and specifically provided for as to the services rendered, and the amount to be paid therefor, and which are insolvent for the reason that they cannot be collected either on account of the insolvency of the party liable therefor, or otherwise." The issuing of subpœnas, whether grand-jury or petit-jury subpœnas, is a service for which provision has been made in the fee bill for clerks, and consequently is properly chargeable as insolvent costs.

It follows from what has been said that the judgment of the lower court in distributing the funds in question, and in holding that the issuance of grand-jury subpœnas was a proper charge against the fines and forfeitures fund, was not contrary to law for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*