### 20147. WILSON, administratrix, *et al. v.* HARRIS.

DECIDED JANUARY 14, 1930.

*M. B. Eubanks,* for plaintiffs in error. *Alec Harris,* contra.

Luke, J. Alec Harris brought his petition in two counts against Mrs. R. E. Wilson, as administratrix of the estate of R. E. Wilson, C. L. Wright, Z. B. Salmon, and G. H. Albea. The first count of the petition is substantially as follows:

"1. Defendants are jointly and severally liable and indebted to your petitioner in the sum of one thousand and ninety-five dollars and fifty cents by reason of the following facts.

"2. Petitioner was elected solicitor of the city court of said county in the year 1924 for a period of four years, beginning January 1, 1925, and served as such for the years 1925, 1926, 1927, and 1928.

"3. At the same time and for the same term, R. E. Wilson was elected sheriff of said county, and C. L. Wright, Z. B. Salmon, and G. H. Albea qualified and acted as deputy sheriffs under said R. E. Wilson during the said term and as long as the said R. E. Wilson lived. The said R. E. Wilson died during the month of October, 1926. The said R. E. Wilson, as sheriff, and the said C. L. Wright, Z. B. Salmon, and G. H. Albea, as deputy sheriffs under said Wilson, divided the proceeds of the office of sheriff equally, each taking a fourth of the net proceeds thereof.

"4. Your petitioner, as solicitor of the city court of said county, was the custodian of the fines and forfeitures collected in said court, and, as such, was due to pay to the said R. E. Wilson, as sheriff aforesaid, such money as was due him on insolvent costs arising from the city court aforesaid.

"5. That the said R. E. Wilson, as sheriff aforesaid, and his deputies, C. L. Wright, Z. B. Salmon, and G. H. Albea, had the following items of insolvent costs due them in the amounts and for the terms shown:

"1925.

| | |
|---|---|
| March term | $ 416.00 |
| June term | 444.50 |
| September term | 317.50 |
| December term | 336.00 |

"1926.

| | |
|---|---|
| March term | $ 189.00 |

| | |
|---|---|
| June term | 243.00 |
| September term | 154.00 |
| December term | 133.50 |
| | |
| Grand total | $2,233.50 |

"That during the years 1925 and 1926 petitioner paid defendants as follows:

"1925.

| | |
|---|---|
| February 4th | $ 339.00 |
| March 12th | 390.00 |
| June 10th | 300.00 |
| October 1st | 600.00 |
| December 4th | 600.00 |

"1926.

| | |
|---|---|
| March 6th | $ 450.00 |
| July 29th | 200.00 |
| September 24th | 300.00 |
| | |
| Grand total | $3,329.00 |
| Overpayment of | $1,095.50 |

"That R. E. Wilson, C. L. Wright, Z. B. Salmon and G. H. Albea each received one fourth of the said $1,095.50 that petitioner paid them, and which was more than they were entitled to receive.

"6. Petitioner, on March 17, 1927, demanded the payment to him of said sum of $1,095.50 from each of the defendants then living, and same was refused, and they continue to refuse payment.

"Wherefore he prays judgment against the defendants jointly and severally for said sum of $1,095.50, and interest from March 17, 1927, at 7% per annum."

The second count of the petition is precisely like the first count, with the exception that it contains two additional paragraphs, numbered 6 and 7. The substance of these paragraphs appears from the following:

"6. That on or about August 1, 1926, petitioner and defendants, each realizing that there might be an overpayment, entered into the following contract and agreement:" The gist of this agreement entered into on August 1, 1926, is that for a stated consideration the defendants agreed to repay to plaintiff at the

expiration of his term of office, or upon his resignation, any over-payment made to them by him as solicitor of the city court of Floyd county out of "insolvent funds in his hands derived from fines and forfeitures in said city court." Said agreement concludes in these words: "It being the intent of this instrument that Alec Harris, as solicitor of the city court of Floyd county, and as custodian of all fines and forfeitures arising in said court during his term of office, shall be promptly repaid any overpayment that he may make to party of the first part out of such insolvent fund, if at the expiration of his term as solicitor there remains an overpayment by said Alec Harris to said party of the first part."

"7. Petitioner, on March 17, 1927, demanded the repayment to him of said sum of $1,095.50 from each of the defendants then living, the same was refused, and they continue to refuse payment. The said R. E. Wilson having died in October, 1926, his deputies ceased to hold office at his death, and could therefore earn no more insolvent cost that would consume the overpayment aforesaid."

The prayer in the second count is the same as that in the first count.

Upon the filing of a general and special demurrer to the petition, each count was amended by adding thereto the following paragraph: "Plaintiff shows that at the time of the expiration of his term of office he held in his hands as such solicitor and custodian of said funds derived from fines and forfeitures, after paying insolvent costs due himself, O. L. Betts, sheriff of said county, S. L. Graham, clerk of said court, and all the justices and bailiffs and the recorder of the City of Rome, and after defendants had received all insolvent costs to which they were entitled, the sum of $6,094.46, which said sum took into consideration and included the amount he had overpaid defendants. Plaintiff shows that he has heretofore paid said sum into the treasury of this county and holds the receipt of the treasurer of said county therefor." The said amendment to the first count concluded as follows: "Plaintiff shows that defendants are liable and indebted to plaintiffs for the sum claimed as for money had and received, and that having received said money from plaintiff, they are estopped to deny plaintiff's right and title to same." The said amendment to the second count is precisely like the amendment to the first count, except that its concluding

paragraph is in this language: "Plaintiff shows that defendants are liable and indebted to him for the sum he now claims by virtue of their contract, and that, having received the money from plaintiff, they are estopped to deny plaintiff's right and title to same."

Defendants demurred to the original petition, upon the following grounds: "1. Because the same does not set forth any cause of action against these defendants either on the first or second count. 2. Because the plaintiff does not show title in himself to the funds sued for nor any right in himself to maintain this action, and does not allege that he has any lien upon said funds for any insolvent costs due to him, nor does he allege that there are no insolvent costs due defendants other than those set forth in said petition. 3. The first count of said petition is insufficient as against Salmon, Albea, and Wright, in that it fails to allege any fact that would make them legally liable to plaintiff for any item sued for. 4. Because title to the funds sued for is in Floyd County, and not in plaintiff, and only Floyd County can legally sue therefor as against any person; and if plaintiff has misapplied the funds of the county by paying the same to defendants or any other person, he can not sue to recover the same in his own name.

"They demur to the second count upon the following grounds: 5. The same does not set forth any cause of action whatever. 6. The plaintiff fails to show title to the money sued for in himself, nor any reason at law for recovering the same. 7. The plaintiff fails to allege that any insolvent costs are due him as solicitor of said court, nor that he has any lien on said funds therefor. 8. Because the allegations of the petition show that title to said funds are in Floyd County and not in plaintiff. 9. Plaintiff does not allege that the defendants are not due insolvent costs for previous terms of court to the ones named, and fails to allege that they are not entitled to keep and retain the same as such costs."

The foregoing demurrer was amended as follows: "Said Wright, Salmon and Albea are improper parties to the first count; and say that the said count shows that they are not liable thereon; and they should be stricken therefrom. They further demur and say that the second count shows that only one payment of $300 was made after the signing of said agreement, and that they could not be held liable for any such prior payments, and the same should be stricken from said suit as against them."

The court passed the following final judgment upon the petition as amended: "The within demurrer coming on to be heard, it is considered, ordered, and adjudged that paragraph 3 of this demurrer be sustained and the names of Salmon, Albea, and Wright be stricken in the first count of the petition. Said demurrer is overruled as to the remaining grounds set forth therein." The exception is to this judgment in so far as it was adverse to defendants.

The main contention made by the demurrer is that it does not appear that the plaintiff had any right to bring the action. In paragraph 4 of each count of the petition the plaintiff alleges that he was "custodian of the fines and forfeitures collected in said court, and, as such, was due to pay to the said R. E. Wilson, as sheriff aforesaid, such money as was due him on insolvent costs arising from the city court aforesaid." Defendants insist that as a matter of law the plaintiff was neither the custodian nor the disbursing officer of the fines and forfeitures in said court.

"An act to establish a city court in the county of Floyd" is found in Ga. L. 1882-3, p. 535. Section 18 of this act is as follows: "Be it further enacted, that all moneys arising from fines and forfeitures in said city court shall be subject to the claims of the officers of said court, and of the superior court, and of magistrates and constables of said county, for their fees and costs in criminal cases where the defendants are insolvent or have been acquitted, and shall be applied to the payment thereof under the laws and regulation governing the same in the superior courts of this State." Under the Penal Code (1910), § 798 (7), it is the duty of solicitors-general "to collect all moneys arising from fines and forfeited recognizances, all costs on criminal cases when paid into court before judgment, and not otherwise; and at the fall term of each court, every year, to settle with the county treasurer, and pay over to him all moneys due him according to law, after a fair and full settlement." In Ga. L. 1908, p. 144, we find an act amending section 4 of the act establishing the city court of Floyd county. This amendatory act provides for the election of a solicitor for that court, makes his fees the same as the fees of solicitors-general, and provides that he "shall be paid in the same manner from the fines and forfeitures arising in said city court." This last act amends no part of the original act except section 4, and makes no reference to any disbursing officer of the city court.

We think that the plaintiff was custodian of fines and forfeitures paid into court, and that he had the right to distribute them. Furthermore, taking as true the allegations of the pleading, does it lie in the mouths of the defendants to deny the plaintiff's right to collect and distribute the fines and forfeitures when for two years they had acknowledged that right by receiving money from him?

The plaintiff had the right to bring the action, and, under the pleadings, the defendants were in possession of money which ex æquo et bono should have been restored to the plaintiff. See *Atlanta Telephone & Telegraph Co.* v. *Fain,* 16 *Ga. App.* 475 (85 S. E. 791). *Rhodes & Son Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475 (58 S. E. 897). What is said in this paragraph applies directly to the first count, for money had and received. As to this count, the trial judge held that a good cause of action set out against Mrs. R. E. Wilson as administratrix of her husband's estate. To our minds the demurrer does not present any satisfactory reason why the judgment as to the first count is not correct.

The second count is based upon a valid and binding contract obligating defendants to refund any overpayment to them, and the demurrer does not present any satisfactory reason why the second count does not set out a valid cause of action. Referring to the amendment to the demurrer, we will say that in our opinion the contract is broad enough to cover the amount sued for, and does not limit the recovery to the $300 paid after the date of the said contract.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*