## TERRELL *v.* JOLLY *et al.*

No. 16233. June 18, 1948.

*Graham Wright, R. L. Scoggins,* and *R. Carter Pittman,* for plaintiff.

*Matthews, Owens & Maddox, Harris & Harris, Horace T. Clary, Lamar Camp,* and *Maddox & Maddox,* for defendants.

ATKINSON, Justice. (After stating the foregoing facts.) Section 18 of the act approved September 27, 1883, (Ga. L. 1882-83, p. 535), creating the City Court of Floyd County declares: "That all moneys arising from fines and forfeitures . . shall be subject to the claims of the officers of said court, . . and shall be applied to the payment thereof under the laws and regulations governing the same in the superior courts of this State." Under the above act as amended (Ga. L. 1920, p. 329) the Solicitor of the City Court of Floyd County is on a fee basis, and under the express provisions of the original act he is governed by the laws applicable to solicitors-general of the superior courts as to the distribution of moneys arising from fines and forfeitures.

It is the duty of solicitors-general "to collect all moneys arising from fines and forfeited recognizances, all costs on criminal cases when paid into court before judgment, and not otherwise; and at the fall term of each court, every year, to settle with the county treasurer, and pay over to him all moneys due him according to law, after a fair and full settlement." Code, § 24-2908 (7). However, § 27-2902 allows the solicitor-general, out of the money collected from fines and forfeitures, to pay himself all the legal fees due him and the other officers of the court the fees due them,

and to the justices of the peace and constables the costs due them in the particular cases by which the funds were brought into court, before he is required to pay anything into the county treasury. The Code, § 27-2903, declares that: "All moneys arising from such fines and forfeitures shall be, at each term of the court, distributed by the solicitor, under order of the court, to such persons and according to the priorities now prescribed by law; and on his failure to do so, he shall be subject to a rule at the instance of any party aggrieved."

The case under review involves a dispute between the Solicitor of the City Court of Floyd County, and other officers and former officers of that court, in reference to an insolvent-costs fund. The solicitor states in his petition that he has on deposit in a named bank a stated sum of money collected from fines and forfeitures; and prays that he be authorized to pay the money over to the county treasurer, to be disbursed by the county treasurer, under the order of the superior court, and that the treasurer be enjoined from paying out the same otherwise. The solicitor does not allege that any of the money should be used in paying his own fees, or those of the other officers of court or of the justices of the peace or constables in the particular cases by which the funds were brought into court.

"Where the solicitor-general has a surplus in his hands he can not be ruled by a former solicitor, not his immediate predecessor, and required to pay the surplus to the latter. Such surplus must be paid to the county treasurer, and the remedy of the former solicitor, if he has orders on the insolvent fund, is to collect his claims out of the county treasurer when the latter has funds available for this purpose." *Bartlett* v. *Brunson,* 115 *Ga.* 459 (41 S. E. 601). See also *Barron* v. *Terrell,* 124 *Ga.* 1077 (53 S. E. 181) ; *Johnson* v. *Lastinger,* 148 *Ga.* 656 (98 S. E. 78) ; *Dade County* v. *Lyemance,* 27 *Ga. App.* 420 (3) (108 S. E. 825).

While, as indicated above, it was the duty of the solicitor in the present case to collect all moneys arising from fines and forfeitures, yet since he states in his petition that he has a surplus which he desires to pay over to the county treasurer, he cannot complain because the clerk and the sheriff paid over to the county treasurer stated amounts which should have been turned over to

the solicitor and by him paid to the county treasurer. This is true for the reason that equity will not require a person to do a useless act. The ruling here made is in accord with the decision in *Wilson* v. *Harris*, 40 *Ga. App.* 715 (151 S. E. 402), wherein the petition of a solicitor of the City Court of Floyd County, seeking to recover certain amounts alleged to have been paid by him to certain officers of court as insolvent costs in excess of the amounts to which they were entitled, was held to set forth a cause of action. The present petition does not allege that any demand has been made upon the clerk and sheriff to turn over to the solicitor any funds in their hands arising from fines and forfeitures, or that the clerk and sheriff have refused so to do.

The allegation that the judge of the city court, ex parte and without legal proceedings, caused an order to be issued against the solicitor for the payment of certain sums, the correctness of said sums being disputed by the solicitor, is not an averment that the judgment complained of, which was not set forth in the petition or attached as an exhibit thereto, was absolutely void. Under the recent decision of this court in *Walden* v. *Smith*, 203 *Ga.* 207 (5) (45 S. E. 2d, 660), if the judgment is merely erroneous, it can be attacked, and the error corrected, only by appeal or by a direct proceeding to set it aside; while, if it be absolutely void, it is a nullity from the beginning and may be treated as such without further proceedings to have such nullity judicially declared.

Applying the above principles, the petition failed to state a cause of action against the defendants, and the trial court did not err in sustaining general demurrers thereto.

*Judgment affirmed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*