32194.   WALDEN, Treasurer, *v.* BALE, *et al.*

D<small>ECIDED</small> D<small>ECEMBER</small> 4, 1948.

*Maddox & Maddox,* for plaintiff.
*Alec Harris, James Maddox,* for defendants.

GARDNER, J. ■ Are the judgments barred by the statute? It is stipulated that none of the intervenors had made any demand on the treasurer or his predecessors in office, and·in this connection it was further stipulated that, if such demand had been made, it would have been refused for the reason that there were no funds in the hands of the treasurer with which to satisfy the demand. While an order of a court for insolvent costs is a judgment when placed on the minutes of the court (*Walden* v. *Smith*, 203 *Ga.* 207, 45 S. E. 2d, 660; *Nichols* v. *Floyd County*, 76 *Ga. App.* 792, 47 S. E. 2d, 163), it is not such a judgment as contemplated under our Code, §§ 110-1001, 110-1002. There seems to be no provision, under our law, for renewing or keeping alive judgments for insolvent costs. While it is true that no demand was made upon the treasurer since the court signed an order approving the bills for insolvent costs, yet if such demand had been formally made, it would have been unavailing, because there were no funds in the hands of the treasurer with which to satisfy the demand. The law does not require a vain thing to be done. No doubt the intervenors kept an eye on this insolvent-costs fund of the City Court of Floyd County, which the law requires to be kept separately. We do not think that the intervenors were guilty of laches. Neither do we think that these judgments grew stale. Neither do we think that the Code, § 3-704, which stipulates the time within which a suit must be brought, applies here. It must be kept in mind also that this was a suit instituted by the treasurer seeking for directions regarding the funds in question, and the defendants, as it were, are mere intervenors seeking to have their claims satisfied after demand on the treasurer for payment. Further, as to whether or not these claims are stale, we call attention to *Gamble* v. *Clark*, 92 *Ga.* 695 (19 S. E. 54): "(1) According to the scheme of the Code, §§ 4655 a and 4655 e, claims for insolvent costs in favor of a county solicitor left unpaid when he retires from office, the same being evidenced by orders approved by the county judge and entered on the minutes of the county court, are payable out of fines and forfeitures which have theretofore or may thereafter come into the county treasurer from the county court. The county treasurer is authorized and required to pay such orders when he has funds subject to them without any further or other

order from the judge of the same or any other court; and neither the county court nor the judge thereof has any jurisdiction to pass any further orders on the subject, nor can such jurisdiction be conferred by consent of the ex county solicitor and adverse claimants upon the fund. . .

"(4) The orders in favor of the ex county solicitor for the payment of his insolvent costs had not become stale by the lapse of time, the more especially as it appeared that the fund in dispute was the first fund legally subject to the payment of the same, which had arisen since the orders were granted." We think that there is every reason to believe that the statute was never intended to operate against judgments for insolvent costs. The law seems to place upon the county treasurer the burden of retaining such funds in a separate account. It makes no provision for the funds to be merged with the general fund of the county. The statute leaves a reasonable deduction that the money must remain in the hands of the treasurer for the payment of any old judgments, as these are here, or any future judgments that may become a legal claim upon such fund. Just why shouldn't these officers be paid for their services that amount which the law provides? It is an ancient axiom that a laborer is worthy of his hire. Then, again, the Supreme Court in *Freeman v. Hardeman*, 67 *Ga.* 559, 561, said: "But it is said that it is a stale demand; and in one sense it is, but not in such a legal sense as to deprive it of its legal effect." We therefore conclude that the claims of the intervenors were not barred by the statute of limitations.

■ We come next to inquire whether the intervenors are entitled to be paid the insolvent costs, for which they held judgments duly entered on the minutes of the court, out of the surplus fund in question. The officers of the superior court would be entitled to be so paid. Then why not the officers of the City Court of Floyd County? Prior to 1912 the Solicitor-General of the Superior Court of the Rome Circuit was ex officio Solicitor of the City Court of Floyd County. The act creating the City Court of Floyd County (Ga. L. 1882-83, p. 540), provided for the solicitor-general to be paid any insolvent costs arising in that court to the same extent and in the same manner as his fees were paid in the superior court. This procedure was fol-

lowed until 1912, at which time the Solicitor-General of the Rome Circuit was no longer Solicitor-General of the City Court of Rome, but the office of Solicitor of the City Court of Rome was created. It was provided also that the Solicitor of the City Court of Rome was to be paid costs, including insolvent costs, the same as the solicitor-general had previously been compensated. In section 18 of the act creating the City Court of Rome it is provided: "That all moneys arising from fines and forfeitures in said city court shall be subject to the claims of the officers of said court, and of the superior court, and of magistrates and constables of said county, for their fees and costs in criminal cases where the defendants are insolvent or have been acquitted, and shall be applied to the payment thereof under the laws and regulations governing the same in the superior courts of this State." In *Gamble* v. *Clark*, supra, the question concerned insolvent costs from the County Court of Jefferson County. We call attention to another case, *Ball* v. *Wright*, 115 *Ga.* 729 (42 S. E. 32). This was a mandamus by Wright, who had been a Solicitor of the County Court of Butts County. That court was abolished in 1893. At the time it was abolished there were no funds in the hands of the county treasurer with which to pay orders for insolvent costs that Wright had taken during his term as solicitor of the court. That court was re-established in 1901. When the court was re-established there were funds with which to pay the insolvent costs on the judgment of Wright. The court held that Wright was entitled to have his orders paid. See also, in this connection, *Dade County* v. *Lyemance*, 27 *Ga. App.* 420 (108 S. E. 825). The only difference between the latter case and the instant case, as well as those above cited concerning the same question, is that in the Dade County case the insolvent costs concerned were earned in the superior court. Under the act creating the City Court of Floyd County, the officers were paid on a fee basis the same as those prevailing in the superior court and were to be paid in the same manner. By the act of 1918, the fee system was abolished and the officers placed upon a salary. This last provision never became operative. It was repealed by act of 1920 (Ga. L. 1920, p. 329). This last act repealed the salary system and placed the officers back on the fee system. Section 3 of the act of 1920 reads: "The purpose

and intent of this act is to re-enact and re-establish in said court the fee system for said solicitor just as the same existed prior to the passage of the amendment approved July 31, 1918, to the act creating the court." There followed a repealing clause to the effect that all laws or parts of laws in conflict with the act of 1920 were repealed. The act creating the City Court of Rome provides that the Clerk of the Superior Court of Floyd County should be ex officio Clerk of the City Court of Rome, and that the Sheriff of Floyd County shall be the Sheriff of the City Court of Rome. And the last portion of this section 5 reads: "And all the officers of said city court shall be subject to the same penalties and amenable to the same processes and remedies as they are now by law subject and amenable to as officers of the superior court, and shall be entitled to employ the same remedies for the collection of their fees and costs in said court as they are entitled to in the superior court."

■ We come next to consider whether the law for the payment of the insolvent costs in the superior court is applicable to the payment of insolvent costs in the City Court of Floyd County. We think so. In our opinion the Supreme Court has in a very recent case settled this question. See *Terrell* v. *Jolly*, 203 *Ga.* 821 (48 S. E. 2d, 517). Even without this decision, there would be no doubt in our minds, in view of other appellate court decisions, that such is the law when applied to the City Court of Floyd County.

In conclusion and as a resumé of what we hold, and touching somewhat further on contentions involved, which we may not, perhaps, have touched on specifically, it is our opinion that the trial court committed no error in the judgment in any particular. The provisions of the Code, § 27-2909, do not apply to the City Court of Floyd County, in view of the provisions of the act creating that court. Except for the period of time when the Solicitor of the City Court of Floyd County was on a salary, none of the funds in the hands of the county treasurer had become a part of the general funds of Floyd County. It is a trust fund in the hands of the treasurer for the purpose of paying costs of preceding and current officers in accordance with the act creating the City Court of Floyd County; keeping in mind, of course, that, where funds are paid in a particular case, current officers,

including justices of the peace, etc., are entitled in such cases to their costs, although generally they are not participants in the general funds known as insolvent costs. The officers entitled to participate in the insolvent-costs fund can not participate unless they file an itemized statement of their insolvent costs and obtain from the judge of such court an approval thereof. This order of approval must be put on the minutes of the court. It then becomes a judgment against the funds arising from fines and forfeitures and proceeds of condemnation proceedings. This judgment is not a judgment in the general sense that it is subject to be barred and become stale under the statute of limitations which applies generally to judgments. It remains valid and will attach to any funds brought into court thereafter, regardless of the time. The judgment of the court is

*Affirmed. MacIntyre, P.J., and Townsend, J., concur.*