34956. IVESTER *v.* MOZELEY.

Decided January 29, 1954.

*Irwin R. Kimzey, Kimzey & Kimzey,* for plaintiff in error.

*Frank C. Gross, Gross & Smith,* contra.

GARDNER, P. J. While there is a general law relative to the payment and collection of moneys collected from costs and fines, the Code provides that this does not apply to any special law as to a particular county dealing therewith. "Nothing in this Act shall in anywise affect the validity of any special or local Act or Act affecting only a specific county, dealing with the fines and forfeitures in any court or courts in any particular county or city in this State." Ga. L. 1949, p. 1168; Code (Ann.) § 27-2926. Also see generally Code (Ann.) § 27-2901 et seq. The City Court of Stephens County, which is involved here, was established by the legislature in 1937 (Ga. L. 1937, p. 1214). Section 39 of this statute provides: "Be it further enacted by the authority aforesaid, that all fines and forfeitures arising from cases tried in said City Court, except the proportions due the Solicitor, which shall be paid into the County Treasury as pro-

vided for under Section 14 of this Act, shall be subject to the payment of the fees and costs of the Clerk and Sheriff of said Court, the same to be distributed pro rata under the same rules and regulations governing the fees of said officers as now provided by law; . . . The Clerk of said City Court is hereby charged with the duty of collecting, receiving and prorating the fines and forfeitures mentioned herein, and it shall be his duty to keep such records thereof as are required to be kept in the Superior Court, and he shall faithfully account for all moneys as received." The present controversy comes under the provisions of the act of February 22, 1937 (Ga. L. 1937, p. 1229).

There is no question or attack relative to the above law, and thereunder said clerk is specifically charged with collecting and disbursing pro rata said funds to the sheriff and to himself. This act does not require the clerk to first obtain an order from the judge of the superior court of the circuit. The itemized list attached to the amendment to the petition of the former sheriff was taken from the records in the office of the clerk. There is no dispute as to the amount due the sheriff, but merely that he is proceeding in the wrong manner, and that the former clerk is not responsible for the payment of his pro rata portion of these fines and forfeitures collected between May 1, 1952, and December 31, 1952. When an officer charged by law with the collection of money and with the payment thereof to the person entitled fails on demand to comply with the law as to such payment, he is subject to rule. Code § 24-201 et seq. deal with "Actions and Rules Against Officers of Court." Such officers are liable to action and suit for the collection of such sums as they are due to pay and have not paid. The Clerk of the City Court of Stephens County during 1952 and from May 1, 1952, to December 31, 1952, is liable to the sheriff of the court for his pro rata share thereof, and the fact that he went out of office does not relieve his liability. The new clerk is not responsible for the shortcomings of the former clerk. The law generally provides that payment of this money may be demanded of the clerk, and that a rule nisi may be issued by the judge of the court in which the action is brought. He may be ruled against after he has gone out of office. Code § 24-208. The act establishing the City Court of Stephens County, considered in connection with

the law generally, provides that the clerk must "faithfully account for all moneys as received." The clerk will not now be heard to come into court and seek to take advantage of his own neglect with regard to the payment to the sheriff of his pro rata share of the fine and forfeiture money collected by the said clerk between May 1, 1952, and December 31, 1952. See generally on this subject *Banks County* v. *Stark,* 88 *Ga. App.* 368 (77 S. E. 2d 33).

Section 19 of the act of 1937 creating the City Court of Stephens County makes the clerk thereof amenable to "all the duties and liabilities attached to the office of clerk of the Superior Court"; hence he may be ruled under the general provisions of Code § 24-2722 upon his failure to faithfully account for money coming into his hands, and under the general provisions of Code §§ 24-201 and 24-206.

The itemized statement attached to the amendment to the petition shows that a portion of the claim is for insolvent costs, and another portion for costs in cases where fines and forfeitures have been paid in. The provisions of Code §§ 27-2902—27-2909 do not apply to city courts unless, as in *Walden* v. *Bale,* 78 *Ga. App.* 226 (50 S. E. 2d 844) they are by implication made to apply. Although the general law of Code §§ 27-2910 and 27-2911 does apply, and under this latter section the claimant, before being entitled to his share of insolvent costs, must get an account approved by the trial court as to the amount thereof, which he does not here allege he has done—this question is not before this court on the ruling of the trial court on general demurrer.

In the face of the local law, the provisions of the act of 1949 (Ga. L. 1949, p. 1168; Code, Ann., § 27-2915 et seq.) relating to payment of funds into the county treasury do not apply in view of Code (Ann.) § 27-2926, for which reason the defendant cannot rely upon a presumption that he has properly paid such funds into the county treasury in such manner as to relieve him from liability. Code (Ann.) § 27-2926 provides in substance that nothing in the 1949 act shall affect the validity of any local law applying to a particular county or city court. Section 39 of the act creating the City Court of Stephens County places upon the clerk the burden of disbursing the funds as to both the solvent

and the insolvent costs, and contemplates that only the solicitor's costs, which are the property of the county, shall be paid into the county treasury. Accordingly, a requirement as provided for by Code (Ann.) § 27-2918 that such costs be paid by the solicitor into the county treasury at the end of the calendar year is repugnant to this part of the act creating the City Court of Stephens County and, if made applicable, would to this extent affect the validity of the act creating the City Court of Stephens County, which, as is herein pointed out, must not be done, under the provisions of Code (Ann.) § 27-2926.

Applying the foregoing, the trial judge did not err in overruling the general demurrer of the defendant clerk to said petition as amended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*