## FREEMAN *et al. vs.* HARDEMAN *et al.*

1. Under the act of 1879 no officer is required to pay any money into the treasury of the county until all legal claims on such funds held and owned by those officers bringing them into court are allowed and paid.

(*a.*) Justices and constables are not entitled to share with the solicitor general in the distribution of a fund arising from fines and forfeitures under special presentments of the grand jury.

2. A former clerk is not one of the officers bringing money into court under subsequent presentments; nor does it change the case that the same clerk was re-elected, and was serving another term when the fund was brought into court.

3. In a contest over a fund arising from fines and forfeitures under special presentments of the grand jury, after paying the claims of the officers bringing the fund into court, orders of a former solicitor general for insolvent costs will take precedence of junior claims of a former clerk and of justices or constables not concerned in bringing the fund into court, it appearing that there had been no negligence in pressing the claim.

Costs. Officers. Practice in Superior Court. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

Reported in the decision.

HILL & HARRIS; G. W. GUSTIN, for plaintiffs in error.

WHITTLE & WHITTLE; JOHN L. HARDEMAN, for defendants.

CRAWFORD, Justice.

Certain moneys having been collected from fines and forfeitures, under special presentments made by the grand jury of Bibb county, and being in the hands of J. L. Hardeman, Esq., solicitor general, a rule was filed against him to settle the priorities of the different contestants, and for the distribution thereof. The parties claiming the fund were certain justices of the peace of the county;

A. B. Ross, clerk, for insolvent costs due him before his present term of office began ; the administratrix of T. W. Montfort, a former solicitor general, and the clerk, sheriff, and solicitor general then in commission.

The judge held that the officers bringing the money into court were entitled to the several amounts due them first, that the claim of the administratrix of solicitor general Montfort, upon his oldest order, was next in priority, and that the claim of the clerk for costs due him prior to the beginning of his present term of office and the claims of the justices of the peace could not share in the distribution of the fund.

To this judgment the justices and the clerk excepted.

The rights of the parties are controlled by the act of October, 1879. Up to that time the money collected from these sources was, under the act of 1876, to be paid into the county treasury, and paid out under an order of the judge of the superior court to such officers as were entitled thereto for their insolvent costs.

By the act of March 2d, 1874, justices and constables were put upon the same footing with the officers of the superior court who brought the money into court. Thus stood the law both as to the payment over of the money arising from fines and forfeitures in the county treasury, and its payment out, until the passage of the act of 1879; then it was amended by enacting that no officer should be required to pay any money into the treasury of the county until all legal claims on such funds held and owned by those officers bringing it into court, including the costs of justices and constables in any particular case by which the funds were brought in, should be allowed and paid.

The money for distribution in this case having arisen from special presentments made by the grand jury, excludes the justices and constables from any participation therein, outside of any of the grounds upon which the judge ruled the question.

The claim of the clerk for his insolvent costs for pre-

vious years, not within his present term of office, was likewise rejected, and preference given to the administratrix of Montfort upon his oldest order. To determine whether that ruling was error, it is only necessary to enquire whether a former clerk of the court could be considered as one of those officers bringing the money into court. That it happened in this case that the individual person was the former clerk, does not change the rule of law specifying what officers shall be entitled; its reference is to the officer not the man.

The last question to be determined in this case is, was the claim of the administratrix of solicitor general Montfort next in priority. The judge held that it was, and we concur in that opinion. But it is said that it is a stale demand; and in one sense it is, but not in such a legal sense as to deprive it of its legal effect. The testimony shows that it was filed in the court and pressed for payment by his attorneys from time to time, but there was not money enough to reach it upon any former distribution. It was further insisted that under the Code the clerk was entitled over the former solicitor general, and if not, to share *pro rata* with him. Though that might be so, which we do not decide, still the claim of Montfort was fixed by the law preceding the Code, and under which his claim took precedence.

Judgment affirmed.