GORDON COUNTY COMMISSIONERS *vs.* HARRIS.

| 81 | 719 |
| d115 | 461 |

| 81 | 719 |
| 130 | 123 |

A solicitor-general who brings money into court from fines and forfeitures, is entitled to have the several amounts due him paid first. When they are paid, if there is a surplus, the insolvent orders of the former solicitor-general and the clerk and sheriff are next paid, according to their priorities. If their still be a surplus, it is then paid into the treasury of the county.

(a) It is the duty of solicitors-general, when a prisoner has been tried and convicted and sentenced to pay a fine and the costs of the prosecution, to put in a bill of costs the jail fees, and to collect and pay the same over to the proper county officer.

December 9, 1888.

·Officers of court. Fines and forfeitures. Insolvent fund. Before Judge FAIN. Gordon superior court. April term, 1888.

Reported in the decision.

E. J. KIKER, for plaintiffs.

A. M. FOUTE, for defendant.

SIMMONS, Justice.

The Board of Commissioners of Gordon county brought a rule against J. W. Harris, solicitor-general, representing that said Harris, as solicitor-general, had collected $700, arising from fines and forfeitures in criminal prosecutions in said court; that they had paid from time to time since the last term of the court, for dieting and bringing prisoners into court, —— dollars, and had filed an itemized account thereof with the clerk of said court; that said prisoners had all been convicted or acquitted, and that the prisoners who were convicted were insolvent and unable to pay for their board while in jail; that they had demanded that said account be put in by the solicitor-general and made a part of the bill of insolvent costs, and that they be allowed to share in the distribution of said money, *pro rata* with others having claims thereon, for such costs; which demand had been refused by said solicitor-general. An itemized account was filed with said rule, showing the amount of board of divers and sundry prisoners while confined in jail; also the fees of two non-resident witnesses summoned to testify in a certain criminal case.

The solicitor-general, in his answer to this rule, admitted that he had on hand, of the fines and forfeitures collected at said term of court, $212.90, but denied petitioners' right to participate in the distribution of this sum. The court discharged the rule, holding and deciding that the county was not entitled to

participate in the fund in the hands of the solicitor-general; to which ruling and decision the commissioners excepted, and assigned error thereon.

The court committed no error in the ruling complained of. The county was not entitled to pro rate with the officers of court in the distribution of this fund. The general law is, that the officers bringing the money into court are entitled to have the several amounts due them paid first; and when they are paid, if there is a surplus left, the insolvent orders of the former solicitor-general and the clerk and sheriff are next paid, according to their priorities. If there should still be a surplus, it is then paid into the treasury of the county. Code, §§4655(a), 4655(b); *Freeman vs. Hardeman*, 67 *Ga.* 559.

We also think it is the duty of solicitors-general, when a prisoner has been tried and convicted and sentenced to pay a fine and the costs of the prosecution, to put in a bill of costs the jail fees, and to collect and pay the same over to the proper county officer.

Judgment affirmed.