BARTLETT *v.* BRUNSON, solicitor-general.

1. If a solicitor-general has in his hands more money, collected from fines and forfeitures, than is necessary to pay his own fees and those of his immediate predecessor for the costs in cases begun by him, and the fees of the other officers of court who assisted in bringing the money into court, it is his duty, under the code, to pay the excess into the county treasury at the proper time.

2. It follows that the solicitor-general is not liable to a rule against him by a

former solicitor-general to compel him to pay such excess to this former so-
licitor-general upon orders for insolvent costs allowed him during his term
of office.  *Freeman* v. *Hardeman*, 67 *Ga.* 559, and *Gordon County Com'rs*
v. *Harris*, 81 *Ga.* 719,. distinguished.

Submitted March 1,—Decided April 30, 1902.

Rule.     Before Judge Felton.     Bibb superior court.     July 22,
1901.

*Washington Dessau* and *Robert Hodges*, for plaintiff.
*Hardeman, Davis, Turner & Jones*, for defendants.

SIMMONS, C. J.     It appears from the record that William Brun-
.son, the solicitor-general of the Macon judicial circuit, had a con-
siderable amount of money in his hands, collected from fines and
forfeitures, after paying his own fees and those of the other officers
·of court and of the justices of the peace and constables in the par-
ticular cases by which the funds were brought into court.     C. L.
Bartlett, a former solicitor-general of the same circuit, but not the
immediate predecessor of Brunson, brought a rule against Brunson,
·alleging that as former solicitor-general he had orders on the county
·treasurer, properly granted by the court, on account of insolvent
costs, and calling upon Brunson to show cause why he should not
·pay on these orders the surplus funds in his hands.     Brunson de-
murred to the rule, on the ground that under such circumstances as
those set out the solicitor-general is not subject to rule ; that it be-
comes his duty, at the proper time, to pay over the surplus to the
county treasurer, and not to a former solicitor-general.     The court
·sustained the demurrer.     Bartlett excepted.

1. The Penal Code, § 1089, allows the solicitor-general, out of
· the money collected from fines and forfeitures, to pay himself all the
legal fees due him and the other officers of court the fees due them,
.and to the justices of the peace and constables the costs due them
in the particular cases by which the funds were brought into court,
before he is required to pay anything into the county treasury.  By
the Penal Code, § 798, par. 8, he is allowed to pay his immediate
predecessor all moneys collected, to which such predecessor may
be entitled in cases commenced by him while in office.     By para-
graph 7 of the same section the solicitor-general is required, at the
fall term of each court, to settle with the county treasurer, and to
pay over to him, from the moneys collected from fines and forfei-
tures, the amount remaining after making the payments above enu-

merated.    Thus the scheme of the law is that the solicitor-general should pay himself his own fees, and also pay the fees of the other officers of court and of the justices of the peace and constables in the particular cases by which the funds are brought into court, and to his immediate predecessor such moneys as may be due him in cases commenced by him while in office.    When this is done, if there be any surplus in his hands, the solicitor-general is required to settle with the county treasurer by paying such surplus over to that officer at the time designated by the code.

2. The law directing how the solicitor-general shall distribute the moneys he collects and where the surplus shall be paid, it follows that where the solicitor-general has a surplus in his hands he can not be ruled by a former solicitor, not his immediate predecessor, and required to pay the surplus to the latter.    Such surplus must be paid to the county treasurer, and the remedy of the former solicitor, if he has orders on the insolvent fund, is to collect his claims out of the county treasurer when the latter has funds available for this purpose.    The plaintiff in error relied upon *Freeman* v. *Hardeman*, 67 *Ga.* 559, and *Gordon County Com'rs* v. *Harris*, 81 *Ga.* 719, which he claimed sustain his contention that the solicitor-general is liable to rule by a former solicitor in a case like this. It is true that in each of those cases the solicitor-general was ruled, and answered, and that judgment was pronounced by this court; but a reading of the facts of the cases and the opinions therein will show that the question as to the liability of the solicitor to rule was neither raised nor decided.  In neither case did the solicitor demur to the rule, and the cases merely decided the priorities of the liens of the parties concerned.    If there had been a demurrer in either case, the decision would doubtless have been in accord with what is decided in this case.    The cases are, therefore, not binding as authority upon the question now decided, but are mere physical precedents.    The Penal Code, § 799, does not apply to a case like the one under review, as will be seen from a casual examination of it and the preceding section, as above construed.    The solicitor-general can not by rule be compelled to pay out moneys in in a way the law does not authorize.

*Judgment affirmed.    All the Justices concurring, except Lewis, J.,, absent.*