### RAY *v.* PITMAN *et al.*

1. The original petition was sufficient as against a general demurrer. The amendment thereto related to matters which were germane, and was properly allowed; and the general demurrer to the petition as amended was properly overruled.
2. A defect in a petition resulting from a nonjoinder of proper parties can not be taken advantage of by general demurrer.

Argued February 20, — Decided March 4, 1904.

Equitable petition.    Before Judge Lumpkin.    Fulton superior court.    December 30, 1902.

*Lavender R. Ray* and *W. R. Hammond*, for plaintiff in error.
*J. H. Pitman*, contra.

COBB, J.    J. H. Pitman and J. H. Widener brought their petition against Annie F. Ray, alleging:  On March 1, 1892, L. R. Ray, the husband of defendant, borrowed from Robbins $1,200, gave him a promissory note for that amount, and executed a deed

to land to secure the payment of the note.    After the delivery and record of the security deed, Ray conveyed to the defendant the property described in the security deed.    In 1897 Robbins brought a suit in ejectment, in the superior court of Coweta county, against the defendant and her husband; and a consent judgment was rendered, in which it was provided that the plaintiff should recover possession of the land, but should convey the same to Annie F. Ray whenever she should pay the amount due on the note of her husband, and that in the meantime the plaintiff should account to her for the rents and profits of the land, and she should have possession of the premises whenever the debt of her husband was paid.    Neither the husband nor the wife having paid any part of the debt, Robbins brought suit in the superior court of Douglas county against L. R. Ray on the note, and, on August 23, 1901, a judgment was rendered in favor of the plaintiff for stated amounts as principal and interest, these amounts being arrived at by what purported to be an accounting of the rents and profits from the date of the judgment in Coweta superior court to the date of the judgment last referred to.    The defendant was not a party to this proceeding.    Robbins, after filing a deed to L. R. Ray in the office of the clerk of the superior court of Coweta county, caused the land to be levied upon under the execution from the superior court of Douglas county, and, after due advertisement, the same was sold by the sheriff to the plaintiff J. H. Pitman, who thereafter conveyed an interest in the same to the plaintiff J. H. Widener.    It is alleged that the plaintiffs are informed that the defendant still claims that she has a right to redeem the land, but that she has never offered, and does not now offer, to pay any part of the debt.    The prayer is, that, if the defendant still has a right to redeem, she be required to come in and tender the amount due on the debt, and that the time within which the tender should be made and the amount of the tender be fixed and determined.    To this petition the defendant filed a general demurrer.    The plaintiffs, over the objection of the defendant, were allowed to amend the petition by alleging that the interest on the debt exceeds, by $500, the amount of the rental value of the property since the same has been held by the plaintiffs and by Robbins, and that the annual interest exceeds the annual rental value of the property; and by adding a

prayer that an accounting be had and the amount that the defend- ant ought to pay be determined, the plaintiffs offering to give full credit for all rental or income; and that a decree be molded, directing a sale of the land, the payment to plaintiffs of the bal- ance due on the debt to Robbins, the balance to be paid over to the defendant. The defendant renewed her general demurrer to the petition as amended. The court overruled the demurrers, and the defendant excepted, assigning error upon this judgment, and also upon the judgment allowing the amendment above referred to.

Mrs. Ray, not being a party to the judgment in Douglas county, is not bound in any way by that judgment. Her rights in the land as to Robbins or any one claiming under him are to be deter- mined solely by the judgment in Coweta superior court. It is contended that the effect of this judgment was to preclude Rob- bins from afterwards bringing suit against L. R. Ray upon the note; and that even if this is not true, Robbins was certainly pre- cluded from filing a deed to Ray and selling the land under the execution founded upon the judgment on the note. For the pur- poses of this case only, this may be conceded. Treating the judg- ment in Douglas superior court as an absolute nullity, it may still operate as an estoppel against Robbins in favor of any one who has been misled by his conduct in reference to this suit and the proceedings thereafter, and, being so misled, have acted to their prejudice. If the purchaser at the sale under this judgment paid the amount of his bid to the sheriff, and the amount so paid was, after proper deductions for costs and expenses, received by Rob- bins, he would be thereafter, as against such purchaser, estopped from setting up the defect in the sale; and in equity, the pur- chaser, not having received title on account of the sale being void, would be subrogated to the rights of the creditor who had received his money. Under the allegations of the petition, we think Pit- man, the purchaser at the sheriff's sale, was subrogated to the rights of Robbins under the judgment in Coweta superior court. See Civil Code, § 5471; *Ashley* v. *Cook*, 109 *Ga.* 653 (2).

The question to be determined then is, what are the rights of Robbins under the judgment in Coweta superior court? It is con- tended that the effect of this judgment was to place Robbins in possession for the purpose of applying the rents and profits of the

land to the payment of his debt, and that he has waived all other remedies he might have had before he resorted to the one which had the effect to place him in possession of the land.    It is conceded, though, that he might notify Mrs. Ray that he no longer recognized her right to redeem, and that after notice to this effect, if she did not redeem or bring some appropriate proceeding against him for an accounting, at least within ten years from the time of this notice, her right of redemption would be barred.    See, in this connection, *Gunter* v. *Smith*, 113 *Ga.* 18 (4).    That is, that Robbins, or any one claiming under him, must arbitrarily declare that he no longer recognizes the right to redeem, and then wait at least ten years before any disposition can be made of the property, while in the meantime the property may be depreciating in value, and the rental value, which at no time exceeds the interest on the debt, may be annually growing less and less.    If Robbins had not acquired possession of the land, he could have brought about a foreclosure sale either at law or in equity at any time he saw proper.    It has been held that the holder of a security deed may maintain at the same time an action upon his note, praying for a sale of the land to satisfy the same, and also an action to recover the possession of the land upon the title which the security deed gives him.    See *Dykes* v. *McVay*, 67 *Ga.* 502; *Hines* v. *Rutherford*, 67 *Ga.* 614; *Ashley* v. *Cook*, 109 *Ga.* 655; *Georgia Mills* v. *Clark*, 112 *Ga.* 253 (2), 257.    This being true, after there has been a judgment in the ejectment case, which simply gives to the creditor possession of the land in order that he may receive the rents, issues, and profits and apply them to his debt (*Polhill* v. *Brown*, 84 *Ga.* 339 (10); *Gunter* v. *Smith*, 113 *Ga.* 18 (3) ), we see no good reason for holding that after the creditor has pursued the remedy resulting in possession to a point where he sees that he can not, either in justice to himself or his debtor, further pursue that remedy, he should not, for the purpose of enforcing payment of the balance of the debt then due, resort to some other recognized remedy either at law or in equity.    While in the present case he might be precluded from bringing suit on the note, on account of Mrs. Ray being the owner of the equity of redemption, a court of equity, which would recognize Pitman as the owner of the debt, and Mrs. Ray as the owner of the land subject to the debt, could certainly render a decree which would do equity be-

tween these two parties; that is, compel Pitman to account for the rental value of the property from the date of the judgment in Coweta superior court, and, after the sum thus ascertained is credited upon the Robbins debt, require the land to be sold and the balance due on that debt paid from the proceeds of the sale, and the balance remaining, if any, paid over to Mrs. Ray, who would in equity be entitled thereto. Equity, which always favors the creditor, and abhors that which delays him in the collection of his debt, would certainly not turn away from its door a creditor who comes in praying that he may be allowed to account for that which is due his debtor, and apply the same in part satisfaction of the debt, and for a decree of sale of property expressly pledged for the payment of the debt, when neither the debtor nor the vendee of the debtor, who claims the property pledged, offers to pay the debt, and such vendee interposes, as the only objection to the rendition of the decree, that the creditor, having elected to go into possession, must stay in possession until her right to redeem has become barred by lapse of time, notwithstanding the property pledged is depreciating in value, and the rental value of the property is not, and probably never will be, in the present condition of the property, as much as the annual interest on the balance due on the debt. The petition was overflowing with equity, and the amendment, which simply relieved certain defects in the petition as originally drafted, was properly allowed. It was argued that the petition was defective for want of parties. It may be that Robbins should have been a party, either plaintiff or defendant, and possibly L. R. Ray should have been a party. See, in this connection, *Wilkins* v. *Gibson*, 113 *Ga.* 33 (10), 58. There was no demurrer raising the question of nonjoinder, and a defect of this character can not be taken advantage of by general demurrer. See *Hightower* v. *Mustian*, 8 *Ga.* 506 (3), 510; *Rusk* v. *Hill*, 117 *Ga.* 723 (3).

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*