16265.  LUDLAM CONSTRUCTION COMPANY *v.* CUMMINGS,

for use, etc.

STEPHENS, J.  1. A contract entered into between the owner of land and
a construction company, by the terms of which the construction com-
pany agrees to erect upon the land a structure in accordance with plans
and specifications which "have been examined and approved by" named
persons, who are described in the contract as the prospective tenants
and purchasers of the improved property, shows no right, title, or
interest whatsoever, either legal or equitable, of such prospective tenants
and purchasers in the contract as against the construction company.

2. A plaintiff who has no legal or equitable right to maintain the suit
can not amend by striking his name therefrom as plaintiff and substi-
tuting therefor, as plaintiff suing for his use, the name of another
having the legal right to maintain the suit.

3. In a suit by the prospective tenants and purchasers named in the

contract against the construction company to recover under the contract, an amendment to the petition, striking the names of the plaintiffs and substituting therefor the name of the owner, suing for their use, was improperly allowed over objection. Civil Code (1910), § 5689.

4. The petition, before the allowance of the amendment, failed to set out a cause of action in the plaintiffs, and the court erred in not dismissing it on demurrer. Civil Code (1910), § 5516.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 14, 1926.

Complaint; from Decatur superior court—John R. Wilson, judge

himself (the minor) the crops levied upon; that the claimant had undertaken to produce the crops jointly with an older brother upon land owned by his mother, although the defendant in execution resided thereon, that the older brother had died before the crops had come up, and that the crops had been afterwards cultivated and produced by the claimant with the assistance of other minor children of the defendant. Civil Code (1910), § 3021 (4); *Richter* v. *Virginia-Carolina Chemical Co.*, 1 *Ga. App.* 344 (2) (57 S. E. 939). Such evidence undisputedly established no title whatsoever in the father, the defendant in execution, but established in the claimant title to at least a fractional part of the crops levied upon. The father having consented to the claimant's producing the crops, the claimant, as against the father, was entitled to the crops produced as a result of his labor; and therefore whatever right may have vested in the father by virtue of other minor children assisting the claimant was that of a creditor only, and not a part owner of the crops produced. *Dollar* v. *Busha*, 124 *Ga.* 521 (52 S. E. 615).

3. The court properly directed a verdict for the claimant.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JANUARY 14, 1926.

pro hac vice. December 31, 1924.

*T. S. Hawes, Hartsfield & Conger,* for plaintiff in error.

*Pottle & Hofmayer, A. E. Thornton,* contra.