CURETON *et al. v.* WHEELER, ordinary.

No. 8402. June 11, 1931.

*J. A. McFarland* and *R. Carter Pittman,* for plaintiffs.

*J. M. C. Townsend* and *McClure, Hale & McClure,* for defendant.

Gilbert, J. Three persons named, including the petitioner, Cureton, were duly elected, qualified in January, 1931, and have since constituted the board of commissioners of roads and revenues of Dade County. On April 28, 1930, the defendant Wheeler "as ordinary" sold "road bonds issued" by the county for $73,232. Of this amount the board of commissioners of roads and revenues "has received from" the ordinary $35,900. The sum of $8,776.41 "taxes levied and paid for road purposes . . for the year 1929 has been taken charge of by" the ordinary, "and he holds the same and fails and refuses to deliver the same to the" board of commissioners. The petition of Cureton "as a member of" the board of commissioners and "as a citizen and taxpayer," alleges, in addition to the foregoing, that the act of 1914 vests in the commissioners exclusive jurisdiction and control over all roads and bridges, and of all bond issues for road purposes, and the proceeds of such bond issues; that it is unlawful for the ordinary "to withhold from said board any part of the road funds of said county, whether the same are proceeds of the sale of bonds issued for road purposes or whether the same are taxes levied and collected for road purposes;" that the ordinary "has no jurisdiction or control over the roads or bridges . . or the bond issues . . or the funds collected as taxes for road purposes in and for said county, or of any road funds of said county, and the said . . ordinary holds the road funds . . as herein alleged illegally and without authority of law;" that in accordance with provision of the act of 1914 petitioner has made bond for the faithful performance of his official duty, and "is personally responsible for the lawful handling of the funds heretofore

described;" that the board of commissioners is entitled to receive the balance of proceeds realized from the sale of the bonds referred to, with the amount of taxes collected for road purposes, with interest; that petitioner has applied to the other two commissioners to join in this proceeding, but has been unable to get any relief from them or to obtain action of the board as a whole, looking to the proper handling and application of such funds. In accordance with the prayer, mandamus nisi issued, ordering the defendant to show cause why he should not be required by mandamus absolute to pay over the funds mentioned. There was also a prayer for allowance, to be paid out of the road moneys of the county, to compensate the attorneys of petitioner for their services. The defendant filed a general demurrer on the grounds: (1) that the petition does not state a cause of action or show any reason at law or in equity for granting the relief sought; (2) that it does not allege demand upon the defendant prior to its filing, and, without allegation and proof of refusal after demand to perform, mandamus will not lie; (3) that the refusal of a majority of the commissioners to join in the action is shown by the petition, and no right is shown in the petitioner individually or as a member of the commission, independently and apart from the other members constituting the majority of the commission, to have custody of the funds; (4) and because of failure to make such other commissioners parties to the cause. There were several grounds of special demurrer. The demurrer was sustained and the petition dismissed. The plaintiff excepted.

The General Assembly (Ga. Laws 1914, p. 246) created a board of commissioners of roads and revenues for the County of Dade. It was provided in section 7 "that said board shall have the right to dispose of sufficient bonds of said county, now on hand, for the specific purpose of building said macadamized road and to receive the money for the same, and to contract the building and construction of said road and receive the same when it is completed, either in part or as a whole as they may see proper to direct," and in section 8 it was provided "that said board shall have the right to do any and all other acts necessary to the building and construction of said road, not herein mentioned, and that the supervision of and powers of said board shall be over the said road, and over all the other public roads in Dade County, and as are now vested in the

ordinary of said county, sitting for county purposes; the said board hereby being given exclusive jurisdiction and control over all the roads and bridges of said county, and all bond issues of said county for road purposes." In section 9 it was provided that members of the board shall give good and solvent bond in the sum of $5000 each. In section 10 it was provided for the creation of a sinking fund for the purpose of retiring bonds. The petitioner in this case insists that the provisions herein mentioned, and especially that part of section 8 wherein the board was given exclusive jurisdiction and control over the roads and bridges of the county and *all bond issues* (emphasis ours) legally entitles the commissioners of roads and revenues to the custody of all moneys belonging to the county and raised for the purpose of constructing roads and bridges, to the exclusion of the ordinary of the county. The language of the act creating the board of commissioners of roads and revenues, giving to that body exclusive jurisdiction and control over "all bond issues," merely means that when bonds have been lawfully voted and authorized the commissioners shall determine when and upon what terms the bonds shall be sold; it does not mean that the funds derived from such sale shall be held by them. These funds, under the law, are to be paid to the county depository and paid out on the warrant of the board of commissioners of roads and revenues. The same is true with regard to the assessment of taxes for road purposes. The tax money should be paid into the county depository and paid out on the order of the board of commissioners of roads and revenues. Attention is called to the fact that the original act creating the aforesaid board in section 4 provided that the ordinary of the county, by virtue of his office, should be designated as secretary of the board, and that by an act (Ga. Laws 1915, p. 205) the provision that the ordinary should be designated as secretary was stricken, and it was provided that the board should elect a secretary; and it is contended that this action of the General Assembly must be construed as an intention to separate the ordinary entirely from exercising any authority in connection with the board of commissioners of roads and revenues. Under the law as it then stood, "All county funds are to be paid to, and disbursed by, the county treasurer, except such as may be specially excepted by law, and then to be collected and disbursed as specially directed." Civil Code (1910), § 574. But in 1916 the General Assembly passed an act

abolishing the office of county treasurer in Dade County (Ga. Laws 1916, p. 398). This act required the ordinary of the county to "appoint some bank, banker, or trust company now located or doing business in said county to receive and disburse all county funds which it is the duty of the county treasurer to now receive and disburse."

The petition does not allege a failure of the ordinary to appoint a depository, nor does it deny that there is such depository duly appointed and qualified to act for the county. If there is no such depository, it is obviously the duty of the ordinary to appoint one if there is a bank, banker, or trust company located or doing business in said county. All county funds should be deposited with such duly appointed depository. Neither the ordinary nor the board of commissioners of roads and revenues has any legal right to act as depository or to hold the funds of the county in lieu of a regularly appointed depository. The fact that the ordinary has no legal right to hold the funds affords no reason whatever for a court to direct such funds to be paid over to the board of commissioners of roads and revenues, who are equally without lawful authority to hold them. "Mandamus will not lie to compel a public officer to do an act not clearly commanded by law." *Patterson* v. *Taylor,* 98 *Ga.* 646 (25 S. E. 771) ; *Jackson* v. *Cochran,* 134 *Ga.* 396 (67 S. E. 825, 20 Ann. Cas. 219). If this mandamus sought to require the ordinary to appoint a depository, as provided for in the act of 1916, the duty of the court would be clearly outlined. It may possibly be the case that there is no bank, banker, or trust company "located" in Dade County; but under the strict letter of the statute a depository may be appointed from among banks or trust companies "doing business" in the county. It can not be known definitely whether the legislature foresaw the possible necessity of appointing a bank not located in the county, but the legislation actually enacted has so provided. The General Assembly will soon be in session, and attention of the authorities of Dade County is respectfully called to this situation, so that they may seek legislative remedy for this situation if the same is desired. Clearly the court did not err in refusing the mandamus absolute to require the ordinary to turn over the funds in his possession to the board of commissioners of roads and revenues. We do not think it necessary to deal with the minor points made in the

case in regard to the necessity for making a demand, and that two of the three petitioners refused to join in this proceeding. The fundamental obstacle is that the board of commissioners of roads and revenues has no legal authority to demand the money. It appears from what has been said that the county's funds at present are in hands contrary to the provisions of the law, and we naturally presume that there has been a failure to appoint a depository. If appointment is not made, we assume that the county authorities will act promptly and invoke the aid of the court to appoint some suitable person as receiver to hold the funds until some person or corporation lawfully authorized to hold them may be designated and appointed.

*Judgment affirmed. All the Justices concur.*