McCULLOUGH *v.* ATLANTIC REFINING COMPANY INCORPORATED.

HUTCHESON, Justice. 1. "The Supreme Court or the Court of Appeals shall not decide any question unless it is made by a specific assignment of error in the bill of exceptions, and shall decide any question made by such assignment." Code of 1933, § 6-1607.
2. Misjoinder of causes of action must be taken advantage of by special demurrer, and is not ground for general demurrer. *Ga. R. Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200) ; *Riley* v. *Royal Arcanum,* 140 *Ga.* 178 (78 S. E. 803) ; *Neil* v. *Dow Law Bank,* 138 *Ga.* 158 (74 S. E. 1027).
3. Where a general demurrer to a petition was based on the grounds that the petition did not state a cause of action, and that the allegations thereof were too vague and uncertain, and no other ground, and where the judge entered thereon an order "that the within and foregoing general demurrer be sustained upon the ground there is a misjoinder of causes of actions, and if the plaintiff is entitled to recover, it is for a breach of contract," this judgment was erroneous, because the general demurrer did not raise any question as to misjoinder of causes of action, and could not properly have raised such question.

*Judgment reversed. All the Justices concur.*

No. 10725. DECEMBER 11, 1935.

*McCullar & McCullar,* for plaintiff.
*Gordon Saussy, C. A. Giles,* and *Marion Ennis,* for defendant.