34535. BANKS COUNTY *v.* STARK, Solicitor-General, *et al.*

Decided May 20, 1953—Rehearing denied June 12, 1953.

*Brannon & Brannon, J. B. G. Logan, Abbit Nix,* for plaintiff in error.

*Wheeler, Robinson & Thurmond, Joseph D. Quillian, E. C. Stark, Allison & Pittard, Kimzey & Kimzey, Hamilton Kimzey, Herbert B. Kimzey, J. N. Rainey,* contra.

PER CURIAM. ■ One of the contentions of all the respondents in their original demurrers and in the renewed joint demurrer is that the petition sets out no cause of action. The following are applicable statutory provisions: "The officers of the several courts, including the prosecuting officers, shall pay into the county treasury of the county where said court is held all moneys arising from fines and forfeitures by them collected, and, on failure to do so, shall be subject to rule and attachment, as in case of defaulting sheriffs. No such officer shall be required to pay into the treasury, as aforesaid, any such moneys, until all the legal claims on such funds held and owned by said officer bringing the money into court, and the costs due the justices and constables in the particular case by which the funds for distribution were brought into court, shall have been allowed and paid." Code § 27-2902. "All moneys arising from such fines and forfeitures shall be, at each term of the court, distributed by the solicitor, under order of the court, to such persons and according to the priorities now prescribed by law; and on his failure to do so he shall be subject to a rule at the instance of any party aggrieved." § 27-2903. "The officers of court shall have a lien upon all funds arising from fines and forfeitures, for the payment of their insolvent costs." § 27-2910. By the act of 1949 (Ga. L. 1949, p. 1168 et seq.), new provisions were added to Chapter 27-29 of the Code, reading in part as follows: "Sec. 2-B. Any funds now in the possession of or hereafter coming into the possession of the solicitor of any court, or any officer of court, or any other person, as a part of the fine and forfeiture fund, shall be paid over by such solicitor, or other officer or person, into the treasury of the county as now provided by law and in no event shall such payment to such county treasurer be withheld for more than the end of calendar year 1949, after the approval of this law, as to funds now held by such solicitor, officer of court, or other person: Nor shall such payment to such county treasurer be withheld for more than the end of the calendar year during which such fine or forfeiture funds come into the possession of such officer in the future. Sec. 3. Any surplus of funds which remain in the hands of the county treasurer, the prosecuting officer, or any other custodian of the fine and forfeiture fund, or in the hands of any officer of court or other person as agent

or representative of any officer of court after all legal claims against said fund by officers of court have been paid or are barred by limitation as aforesaid, shall be paid over into the county treasury (if not already in the county treasury) and covered into the general fund of the county to be used by the county for the purpose of paying the expenses of courts, the maintenance and support of prisoners, to pay sheriffs and coroners for litigation, and to pay all legal demands of clerks of court, justices of the peace, prosecuting officers, sheriffs, and other officers of court. Sec. 4. At any time, any claimant claiming any interest in the fine and forfeiture fund (including the officer or officers in charge of the roads and revenues of the county, on behalf of the county, and in the interest of the county in securing all moneys due hereunder to the general fund of the county for the purpose of paying expenses of the courts, the maintenance and support of prisoners, and the payment to sheriffs and coroners for litigation, and payment of all legal demands of officers of court as aforesaid) may proceed as now provided by law by rule and attachment against the county treasurer and the prosecuting officer. Sec. 5. In said proceeding or rule the court may seize any such funds which are a part of the fine and forfeiture fund, by whomsoever held, under appropriate order, and may order same paid into the registry of the court, and to that end, and for the purpose of carrying into effect this entire Act, may make any and all necessary parties. Sec. 6. . . the proceeding itself shall be in the nature of an equitable proceeding and be governed by all established rules and maxims of equity; the court may pass such orders and order such disposition of funds in the registry of the court or in the county treasury, or in the hands of any custodian of said fine and forfeiture fund, as will insure such payment to officers of court, or to the county in lieu of the salary of officers of court. . ." Code (Ann. Supp.) §§ 27-2918, 27-2921, 27-2922, 27-2923, 27-2924.

It is further observed that the Supreme Court in transferring this case to this court (*Rucker* v. *Stark*, 209 *Ga.* 496, supra), after quoting the section last above cited, observed that "the petition in the instant case contains no allegations showing any right in the plaintiffs to any equitable relief, and prays for none, but merely seeks a judgment against the respondents requiring

them to pay over . . . certain sums. . . . It is a statutory rule against the named officers, in which neither the pleadings nor the prayers call for equitable relief, and is not a case of which this court has jurisdiction." We construe this holding to mean merely that the plaintiff does not seek equitable relief within the meaning of the constitutional provision conferring equity jurisdiction on the Supreme Court, but not as holding that the proceeding is not governed by "all established rules and maxims of equity" or is not "in the nature of an equitable proceeding."

We further construe the provisions above set forth, as modified by the act of 1949, as providing: (1) that the officers entitled to costs which they have collected have a first lien on the fund in their hands by reason of their having brought the money into court; (2) that they are entitled, upon presenting to the judge of the superior court an itemized bill of costs claimed and having the same approved, to deduct their pro rata part of the costs from the funds in their hands, same to be distributed by the solicitor, the remainder to be paid into the county treasury; (3) that if, however, they pay the fund into the county treasury without first having their itemized bill of costs approved by the superior court, they do not lose their lien on such funds; (4) that the rights arising under such liens are not barred, as to funds collected or claims arising prior to the passage of the act of 1949, until the lapse of 7 years after the passage of such act, or 14 years if extended; (5) that, as to funds after the approval of the act of 1949, rights arising under such liens are not barred until 7 years after their accrual, or 14 years if extended; (6) that payment of money in the hands of such officers over and above the amounts to which they are entitled under court orders shall in no event be withheld from the county treasurer beyond the end of the calendar year in which such funds came into their hands; (7) that, when such payment to the county treasurer is withheld beyond the end of the calendar year, it may be enforced by rule and attachment against any person defaulting, and that such rule may be instigated by any party at interest; and (8) that, when such rule is brought, the court has power as in equity proceedings to determine the rights of the various parties at interest, to make new parties, and to distribute the funds or direct their

disposition, whether such funds come into the registry of the court or into the hands of the county treasurer, in accordance with equity procedure, and guided by the established rules and maxims of equity.

The petition is brought in the name of Banks County by the named county commissioners acting for and on behalf of the county. Code (Ann. Supp.) § 27-2921 establishes the right of the county to any surplus of funds which remains in the hands of the county treasurer, the prosecuting officer or any other custodian of the fine and forfeiture fund or in the hands of any officer of the court or any person or agent. or representative of any officer of the court after all legal claims against said funds by officers of the court have been paid or are barred by limitation as aforesaid. An amendment to the petition alleges that "all legal claims on said funds that are due and that have been allowed have been paid in full for bringing the money into court, and there remains in the hands of the defendants" the sum sought by the county. This allegation is sufficient as against general demurrer under the provisions of Code § 27-2902. The contingent right of the county in a fine and forfeiture fund such as the one here under consideration is therefore alleged, not only by the preceding Code Supplement section but also by Code § 27-2902, supra. That the county commissioners are the proper officers to proceed on behalf of the county is established by Code (Ann. Supp.) § 27-2922, above quoted. The petition also alleges in substance that the respondents collected the sum here sought to be recovered by the county and, acting jointly and in concert, entered into a joint enterprise and undertaking by which they appropriated to themselves this sum belonging to the county without any order of the court or the filing of any report of insolvent costs for approval and without paying the same or any part thereof into the county treasury by the end of the calendar year during which such sum and parts thereof were collected. Construing Code § 27-2902 and the sections of the act of 1949 codified as Code (Ann. Supp.) §§ 27-2908, 27-2921, and 27-2922 together, these allegations are sufficient to subject the respondents to a money rule, and therefore to set out a cause of action against them.

■ As previously pointed out, the original petition stood in

the name of Banks County, acted for by its commissioners. The original demurrers of the respondents contended that the petition must stand in the name of the county treasurer. Thereupon the petition was amended as follows: "The officers in charge of roads and revenues of Banks County, for use of Cornelia Bank, Cornelia, Georgia, who legally enjoys all rights, powers, duties, responsibilities and obligations of treasurer of said county." Code (Ann. Supp.) § 27-2922 authorizes the rule on behalf of the county by the county commissioners. Article XI, sec. I, par. I of the Constitution of the State of Georgia (Code, Ann., § 2-7801) provides as follows: "Each county shall be a body corporate with such powers and limitations as may be prescribed by law. All suits by or against a county shall be in the name thereof." See also Code § 23-1501.

The trial judge filed a memorandum opinion with his judgment sustaining the general demurrer and dismissing the petition, as follows: "This action was brought by the Commissioners of Roads and Revenues of Banks County against Hope D. Stark, Solicitor-General of Piedmont Circuit, G. H. Rylee, Clerk of the Superior Court, and Faris Brewer, ex-Sheriff of Banks County. By amendment the plaintiffs sought to bring the action for the use of Cornelia Bank, Cornelia, Georgia, which institution enjoys all rights, powers, duties, responsibilities and obligations of Treasurer of the County of Banks. A general demurrer was filed to the petition as amended on behalf of all defendants. Since this court sustained the general demurrer, there is no necessity to pass on the special demurrer.

"This opinion is filed to set out in part the court's views relative to some of the laws governing the ruling. In the amendment changing the action to a suit for the use of the Cornelia Bank the court is of the opinion that this amendment violates Code § 81-1303 in that it adds a new and distinct party. It is very clear that the county comissioners have no right of action as to the funds in dispute; they are not, by law, custodians of the funds and therefore they cannot amend their petition so as to sue for the use of another. In the case of *Norwick Union Fire Insurance Society* v. *Wellhouse,* for use, etc., 113 *Ga.,* page 970, headnote 2, the court held: 'If a plaintiff himself has no legal right to bring a particular action, he cannot sustain the

same by amending his petition so as to sue for the use of another party.'

"*Hall* et al. v. *Harris* et al., 6 *Ga. App.* 822 (3) holds: 'It was not error to refuse an amendment which introduced new party plaintiff without showing that some right of the original plaintiff was connected with the cause of action which he desired to assert in the name of the nominal party to be substituted.'

"Applying this rule to the case at bar, did the petition ·as originally brought show a right of action upon .the part of the plaintiffs (commissioners) named therein? The court thinks not, because the board of commissioners did not have any interest, equitable or otherwise, in the funds in question and the allowance of the amendment would have the effect of introducing a new party plaintiff. The introduction of the Cornelia Bank designated as the institution acting as county treasurer does not connect the original plaintiffs with the cause of action, and since such amendment is allowable for the designated purpose of enforcing the rights of such plaintiff, some showing should be made that some right of the ·original plaintiff is connected with the cause of action they desire to assert in the name of the nominal party to be substituted. See *Atlantic Coast Line* v. *Hart Lumber Co.*, 2 *Ga. App.* 88. A cause of action must be shown to exist in favor of the nominal party. *Jones, Admr.* v. *Reed*, 58 *Ga. App.* 72, 74; *Fenner & Beane* v. *Nelson*, 64 *Ga. App.* 600 (5), 608.

"A ruling exactly in point is as follows: 'A plaintiff who has no legal or equitable right to maintain the suit cannot amend by striking his name therefrom as plaintiff and substituting therefor, as plaintiff suing for his use, the name of another having the legal right to maintain the suit.' *Ludlam Construction Co.* v. *Cummings*, for use, etc., 34 *Ga. App.* 786 (2)."

Under the provisions of the Constitution and statutes hereinbefore set out in this division of this opinion, the case bore teste in the name of Banks County properly before amendment. It follows, therefore, that the trial court was in error in its assumption that the county was not a proper party. The petition, therefore, did not need the quoted amendment naming Cornelia Bank as usee. However, this amendment did not adversely affect the validity of the petition. The prayer of the petition was also

amended to read that the defendants be required to pay over the money to the Bank of Cornelia as acting county treasurer, "to be held in trust for the payment of any legal approved claims against the fine and forfeiture fund." Most of the cases cited by the trial judge in his memorandum opinion deal with assignments of contracts and other instruments, and are not applicable here. They also deal with instances where the plaintiff added a nominal party suing for his use, and not, as here, with a situation where the plaintiff merely designated a usee to whom the funds should be delivered.

Banks County was not entitled to a rule to have the money paid to the county commissioners. See *Bartlett* v. *Brunson,* 115 *Ga.* 459 (2) (41 S. E. 601). The law provides that any money from the fine and forfeiture fund to which the county commissioners might be entitled must be paid to the county treasury. The rule must therefore ask that the money be itself paid into the treasury, instead of directly to the officers whose duty it is to bring the rule on behalf of the county. See also *Cureton* v. *Wheeler,* 172 *Ga.* 879 (159 S. E. 283). On the other hand, the county treasurer has the duty of receiving and holding county funds. Code §§ 23-1015, 23-1016. It appears that the office of county treasurer of Banks County was abolished and Cornelia Bank substituted as the depository of county funds. Ga. L. 1923, p. 212. A bank so acting as county depository becomes a quasi-public officer. *Bank of Chatsworth* v. *Hagedorn Construction Co.,* 156 *Ga.* 348 (1) (119 S. E. 28). It is therefore the duty of such bank, acting as county treasurer, to receive the surplus of the fine and forfeiture fund and hold it for distribution as required by law. Code (Ann. Supp.) § 27-2925. The plaintiff here, Banks County, by amendment merely perfected its petition so as to designate its proper official to receive the money on its behalf, but did not, as in the cases cited by the trial court, supra, step aside and make the county treasurer the party plaintiff in its stead.

The transfer of this case by the Supreme Court to this court constitutes an adjudication that the action is a statutory money rule and not a mandamus proceeding analogous to the case of *Mattox* v. *Board of Education of Liberty County,* 148 *Ga.* 577 (97 S. E. 532), as contended by the respondents, for the

reason that, had it been a mandamus case, the Supreme Court and not the Court of Appeals would have had jurisdiction thereof. See article VI, section II, par. IV of the Constitution of Georgia (Code, Ann., § 2-3704); Code § 64-110. The demurrer on the ground that the amendment to the petition converted the action into a mandamus proceeding is without merit.

■ The demurrers contend that no facts are alleged in the petition to show what money each of the respondents received and why any of them should be liable for that received by the others. It is contended that there is a misjoinder of parties for this reason. The question of misjoinder or nonjoinder of parties cannot be taken advantage of by general demurrer. *McCullough v. Atlantic Refining Co.*, 181 *Ga.* 502 (182 S. E. 898); *Ray v. Pitman*, 119 *Ga.* 678 (2) (46 S. E. 849). However, the question of liability of the respondents and each of them as alleged in the petition is raised by general demurrer. In this connection, Code (Ann. Supp.) § 27-2924, hereinbefore quoted, provides substantially that, in a money-rule proceeding in accordance with the act of 1949, the trial court shall order such additional notice and service as the court shall deem proper in order to protect the rights of all parties in said fund; that the proceeding shall be in the nature of an equitable one and be governed by all established rules and maxims thereof; that the court may pass such orders and order such disposition of the funds in its registry, or in the county treasury, or in the hands of any custodian of the fine and forfeiture fund as will insure payment to those legally entitled to receive it. Code (Ann. Supp.) § 27-2923 provides in substance that in such proceeding the court may seize any such funds which are a part of the fine and forfeiture fund, by whomsoever held, under appropriate order, and may order it paid into court, and, to that end, and for the purpose of carrying into effect this entire law, may make any and all necessary parties. Had this proceeding been brought only against one of the resident respondents of Banks County, under these provisions of the act of 1949 the court could have made the other two respondents parties. Since the court could have done so after the proceeding was begun, there is no substantial reason why the plaintiff cannot do so in the original action. One of the respondents contends that he is a non-resident of the county and as such is not subject

to the jurisdiction thereof. If he were the only respondent against whom the original petition was directed, his position would be well taken (*Clark* v. *Hilliard,* 19 *Ga. App.* 514 (4), 91 S. E. 926), because the provisions of Code (Ann. Supp.) §§ 27-2923 and 27-2924 are not sufficient to overrule the provisions of art. VI, sec. XIV, par. VI of the Constitution of Georgia (Code, Ann., § 2-4906), providing that civil actions generally shall be brought in the county of the defendant's residence. However, where there are joint defendants, such an action may be brought in the county of residence of either. Code § 3-204; Code (Ann.) § 2-4904.

It is clear that the intention of the act of 1949 is to keep the framework of the rule as flexible as possible so as to enable all interested parties to be brought into court, on whichever side of the *versus* their interests may belong. We might suppose a case where the clerk of a county which would be his residence, but not that of the solicitor-general, had collected the fine and forfeiture money, and the sheriff who was entitled to participate therein, being unpaid, proceeded by rule against the solicitor-general in the county of his residence. Code (Ann. Supp.) §§ 27-2923 and 27-2924 would empower the trial court under such circumstances to bring the clerk who had actually collected the money into the county of the solicitor-general where the rule is pending, in order to carry into effect the purpose of the entire law, and all necessary parties could be made by the court and brought into its jurisdiction. Then, on the facts as they appeared to the court and under the provisions of the law, it would be the duty of the trial court to determine the liability of the respondents.

The question of misjoinder of parties was not raised by the general demurrer, and that question is not here passed on. But, under the allegations of the petition, the liability of each respondent, if any, may be determined by the trial court in the manner provided by law.

■ The figure of $30,404.47 sought to be recovered is arrived at on the basis of an audit, copy of which is attached to and made a part of the petition, showing fines and forfeitures in the amount of $30,258 plus $4,250.97 received from sales of condemned automobiles, plus the amounts of $700, $500, $656.75 and

$548.50 paid over to the defendants by the county and others, less amounts of $3,167.75, $1,380 and $1,966 admittedly due the defendants for services as fees. However, the figure of $30,258 is objected to by the defendants because this figure, which is the total of some 300 individual cases, contains the following qualification preceding the auditor's report: "Due to the numerous legal terms and phraseology beyond the scope of accounting, and due to lack of readily available information pertaining to the number of witnesses used in the various cases, the origin of the arrests and other details, we have estimated the approximate cost in each case subject to the review and approval of the county attorney." While it is the general rule that sums sued for in law must be set forth specifically, and where an indefinite amount is sought a recovery cannot be supported (see *Johnson* v. *Edwards,* 147 *Ga.* 438, 94 S. E. 554 and cases cited), such rule would not apply where the officers against whom the rule issued are under a duty to make up and keep the records from which such sums can be ascertained, to submit itemized bills of costs claimed out of such funds, and to pay over the surplus to the county treasurer not later than the end of the calendar year, and where, by reason of failure to perform this duty, the exact amount is unascertainable by parties who are interested in the fund as is the plaintiff here. Facts which are peculiarly within the knowledge of the opposite party are not required to be alleged with the same particularity as those within the exclusive knowledge of the complainant. *Beebe* v. *Smith,* 76 *Ga. App.* 391 (46 S. E. 2d 212); *Mu Chapter Bldg. Fund* v. *Henry,* 204 *Ga.* 846 (51 S. E. 2d 841). A person shall not take advantage of his own wrong or neglect. 1 C. J. S. 996, Actions, § 13; *Tanner* v. *Wilson,* 193 *Ga.* 211 (17 S. E. 2d 581); *Johnson* v. *Ellis,* 172 *Ga.* 435 (9) (158 S. E. 39). The petition sets out a cause of action for the amount sued for, less whatever amounts the defendants may legally claim in the proceedings, and these are the same claims it is incumbent upon them to make in the first instance before they are entitled to any amount whatever, in view of the provisions of law hereinbefore pointed out to the effect that officers shall present to the court itemized bills and have the same approved by it, and that they shall not retain any funds not so approved beyond the end of the calendar year. In

. consequence, the amount sued for is not so indefinite as to be subject to general demurrer. The court upon the hearing may under the rules of equity distribute the funds in accordance with the legal claims thereon. Code (Ann. Supp.) § 27-2924, supra.

Since the prayers of the petition are that the county treasurer hold such funds as may be recovered in trust for the payment of any legally approved claims against the fund, and since the court may order such disposition of these funds as will insure proper payment of their liens to officers of the court, the allegation that "all legal claims on said funds that are due and that have been allowed have been paid in full" is a sufficient allegation of fact, and the petition is not demurrable on the ground that it does not allege that all legal claims on funds held by such officers have been paid.

It should be further observed that, construing the provisions of the act of 1949 relating to the statute of limitations (Code, Ann. Supp., §§ 27-2915, 27-2916) in connection with Code (Ann. Supp.) § 27-2922, the county, although having stated a cause of action, may be entitled to nothing, in that on the hearing it may appear that, when the claims of all present and past officers have been paid, the funds will be exhausted. In no event would the county commissioners be entitled to use any of the money in the fine and forfeiture fund until all claimants have had opportunity to file their claims in accordance with the provisions of Code (Ann. Supp.) §§ 27-2915, 27-2916, and 27-2917. The county is, however, entitled to have the provisions of the law complied with in order to protect any contingent interest it may have in such fund under Code (Ann. Supp.) § 27-2922, supra, and because, if it did not bring such action within the period of limitations, its claims also would be barred.

For the reasons above stated in this opinion, the trial court erred in sustaining the general demurrers to the petition and in dismissing the same. This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment reversed. Sutton, C. J., Gardner, P. J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., concurs specially.*

FELTON, J., concurring specially. As I construe the petition, it is a money rule against the officers for the amount of money

received and retained by each. It is not a rule against the solicitor-general for all moneys paid out without an order of court, and it is not an action in tort against all of the officers jointly for the total amount involved. It therefore follows that the question of misjoinder of parties is a question not before this court on the ruling on general demurrer, and so far as I am concerned I will not join in a ruling which in effect holds that there is no misjoinder of parties, the result of which may be that the parties are precluded from making this point on the hearing of the special demurrers either on the ground that the 1949 law is unconstitutional insofar as it seeks to provide for the making of parties regardless of residence in certain instances, or for any other reason they see fit to urge.