42039. GAY v. McTIMER, Commissioner, et al.

ARGUED JUNE 6, 1966—DECIDED SEPTEMBER 6, 1966—REHEARING DENIED OCTOBER 13, 1966—

*Nelson & Nelson, Carl K. Nelson, Jr.,* for appellant.

*McDonald, Longley, McDonald & McDonald, Ernest McDonald, Clifford Seay, P. T. McCutchen, Wm. Malcolm Towson, Paul J. Jones, Jr.,* for appellees.

FRANKUM, Judge. This was an action brought by named individuals as members of the Board of Commissioners of the Peace Officers' Annuity and Benefit Fund of Georgia to recover out of the funds in the hands of the defendant Gay, as sheriff, and in the hands of the defendant members of the Board of Commissioners of Laurens County, amounts due to be remitted to plaintiffs pursuant to the provisions of the Act approved February 1, 1950 (Ga. L. 1950, p. 50 et seq.; *Code Ann. Ch.* 78-9), as amended. The case was originally carried on appeal

to the Supreme Court and was transferred to this court because all equitable features had been eliminated from the case, and, therefore, the case is not within the jurisdiction of that court. See *Gay v. McTimer*, 221 Ga. 841 (148 SE2d 172). That ruling constitutes an adjudication that this case is not an equity case. *Brightwell v. Oglethorpe Telephone Co.*, 176 Ga. 65 (166 SE 646); *Jasper School District v. Gormley*, 184 Ga. 756 (193 SE 248). We shall, therefore, treat it as merely a suit at law to recover as for money had and received. *Banks County v. Stark*, 88 Ga. App. 368, 372 (77 SE2d 33). So construed, the petition was not subject to general demurrer.

Section 10 of the Act creating the Peace Officers' Annuity and Benefit Fund, as amended and as codified as *Code Ann.* § 78-909, provides for a graduated schedule of payments to the Peace Officers' Annuity and Benefit Fund, the amount of such payments to be based on the amount of each individual fine or forfeiture, and to be made by the person or persons whose duty it is to collect fines and forfeitures. It provides that such person or persons shall keep accurate records of the amounts due the board and shall remit the same periodically to the secretary and treasurer of the board.

It appears from the record in this case that the defendant county commissioners or their predecessors in office brought a money rule in the City Court of Dublin against the clerk thereof and the defendant Gay, as sheriff of that court, to compel a distribution of fines and forfeitures collected during the September term, 1957, December term, 1957, and March term, 1958, of the City Court of Dublin and held by the said clerk and sheriff. The plaintiffs herein were not parties to that proceeding, but, according to the facts stipulated in this case they were, under the provisions of the aforesaid Act as amended, entitled to receive the sum of $1,610 out of the total fund consisting of fines and forfeitures held by the clerk and sheriff prior to the disbursement of such fines and forfeitures and before "the payment of any costs or any claim whatsoever" out of such fines and forfeitures. Ga. L. 1959, pp. 330, 331 (*Code Ann.* § 78-909). The record shows further that in the previous proceeding, above referred to, a complete audit and accounting of

the funds was had, and the judge of the city court issued an order providing for a distribution of the funds constituting the fines and forfeitures in the hands of the sheriff and in the hands of the clerk to the county and to the sheriff in the amounts due them as shown by the said audit and accounting.

The order of the judge of the city court, a copy of which is a part of the record before this court on appeal, shows that the sum of the funds in the hands of the clerk of the court and in the hands of the sheriff for distribution totaled $43,023.17. That order recites "that said funds shall be distributed to the clerk, sheriff, and solicitor, and *on a pro rata basis* in accord of the total amount of costs due to each officer to the amount of money on hand and further that none of said officers have any priority to payment but that each *must be paid pro rata* out of the fines and forfeitures available in accord with the Act of 1900 creating the City Court of Dublin." (Italics supplied.) Pursuant to this determination the judge of the city court adjudged that the sheriff was entitled to receive out of said sum of $43,023.17, the sum of $20,176.58, and that the county, standing in the place of the clerk and the solicitor, would receive the balance, or $22,846.59. The record before this court shows that thereafter said funds were distributed in accordance with the aforesaid order.

As stated above, the Act creating the Peace Officers' Annuity and Benefit Fund, as amended, creates in favor of said fund a charge against each individual fine or bond forfeiture in the amount therein provided which shall be paid to the secretary and treasurer of said fund "before the payment of any costs or any claim whatsoever against such fine or forfeiture." Construing the language of the order of the judge of the city court, as quoted above, in connection with the provisions of the Act approved February 21, 1951 (Ga. L. 1951, p. 3151), and the Act approved February 12, 1952 (Ga. L. 1952, p. 2344), it is apparent that the fines and forfeitures distributed pursuant thereto were insufficient to satisfy the claims of the sheriff for insolvent costs and the claims of the clerk and solicitor of the court, in whose shoes the county stood, for insolvent costs, and that it was the purpose and intent of the judge in making the distribution,

and he did in fact order the distribution of the funds *pro rata* to the parties entitled thereto. However, the order disregarded the claim of the plaintiff herein to the said fund since, of course, it had not been presented to him, and the plaintiff herein was not a party to that litigation. Notwithstanding the terms of such order the defendant sheriff and the defendant county, standing in the shoes of the clerk and solicitor of the court, took whatever rights they may have had in said fund subject to the prior claim of the plaintiffs thereto, as fixed by law.

All of the facts adduced in the trial of the case were stipulated. The law is plain, and it is clear, that had the plaintiffs' claim been taken into account in making the distribution as it should have been, since the law creates a duty on the court officials to collect, account for, and pay the funds due the Peace Officers' Annuity and Benefit Fund to the secretary and treasurer thereof, that the defendants who received only a pro rata distribution of the fund would have had their respective shares reduced pro rata by the amount of the plaintiffs' claim, if it had been paid before distribution as the law requires. The judge of the superior court, in directing the verdict, applied equitable principles as he was authorized to do (*Jones v. Parker*, 55 Ga. 11 (5); *Banks County v. Stark*, 88 Ga. App. 368, supra), and in so doing took into account the plain mandate of the law, the undisputed and stipulated amounts shown by such stipulations to have been received by each defendant respectively, and ordered each defendant to pay to the plaintiffs the pro rata share of the amount due the plaintiffs from the funds which they had received. In so doing the judge of the superior court was correct, as he did only what the evidence before him and the law demanded. This being so, the other errors complained of are immaterial and will not require a reversal of the case. See *Bates-Farley Sav. Bank v. Dismukes*, 107 Ga. 212, 217 (2) (33 SE 175); *Dell v. Kugel*, 99 Ga. App. 551, 558 (109 SE2d 532).

*Judgment affirmed. Felton, C. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. "An action of assumpsit for money had and received, will not lie, unless the proof shows

that the money . . . was actually received by the defendant." *Lary v. Hart,* 12 Ga. 422. The proof must show the actual receipt of the money in question. *Marine &c. Bank v. Megar,* 1 Dudley 83; *Whitehead v. Peck,* 1 Ga. 146. The stipulated facts show that the sheriff had received $13,465.50 in fines and forfeitures and that the clerk had received $29,557.67 in fines and forfeitures but the evidence does not disclose how much of the $13,465.50 received by the sheriff was allocable to the plaintiff. Neither did the evidence disclose how much of the $29,557.67 received by the clerk was allocable to the plaintiff. The evidence did show that of the total amount, $43,023.17, $1,608.00 was allocable to the plaintiff. A distribution by court order of this entire fund was made, distributing $20,176.58 to the sheriff and $22,846.59 to the county, being a distribution of the fund pro rata according to the proportion of the respective claims of the sheriff and the county to the total funds. Under these circumstances the plaintiff would not be entitled to a recovery because of his failure to show how much he was authorized to receive from the sheriff, unless, under the form of action brought, this amount can be definitely ascertained from the evidence. Ordinarily under the circumstances here the requirement that the sheriff reimburse the plaintiff on a pro rata basis because he had received an unidentifiable portion of a fund could only be granted in a court of equity. The Supreme Court has transferred the case to this court holding that this case is not an equity case. Under these circumstances then, the evidence must be sufficient to prove a case at law for money had and received based upon the implied promise to pay. While the evidence fails to disclose a definite amount of plaintiff's money received by the respective defendants the evidence does show that the respective defendants, with knowledge that the plaintiff was entitled to priority out of the fund for a definite sum, did receive a pro rata distribution of the entire fund in proportion to the defendants' claims thereto. The defendants therefore, among them, received all of the plaintiff's money with knowledge of plaintiff's prior claim. While, under the evidence, there can be no implied obligation under the doctrine of money had and received, for either of the de-

fendants to pay the plaintiff a particular sum of money, because the evidence fails to show that, yet there does arise an obligation to pay an amount of money which can be ascertained as to each defendant. Having received *all* of the sum, *part* of which was plaintiff's money, with knowledge thereof, *on a pro rata basis,* the implied obligation under the theory of assumpsit for money had and received is *an assumpsit pro rata,* that is, that the defendants undertook the implied promise to pay the plaintiff that which it in equity and in good conscience was entitled to, according to the proportion in which the defendants received the fund containing the plaintiff's money. See 7 CJS 107, Note 66. In my opinion the majority base their conclusion upon an improper application of principles which can only be applied by a court of equity, when it should be based upon the implied promise on which an action at law for money had and received may be maintained.